HENRY HOMES & *al. vs.* EDWARD SMITH & *al.*

In an action on a promissory note, or inland bill of exchange, the original records of a deceased notary public, are admissible in evidence to prove demand and notice.

A copy of the record of a deceased notary, duly attested by the clerk of the court in the county where such record is filed, is admissible in evidence to prove demand and notice, under *stat.* 1821, *c.* 101, " concerning notaries public."

The statute requires all copies furnished by the notary to be under his hand and seal ; but it does not require, that the record itself should be under seal, or that the clerk of the court should affix a seal to his copies thereof.

Although the records of the notary are admissible to prove demand and notice, yet in this State they are not the only evidence, but the facts may be proved by other testimony.

ASSUMPSIT by the plaintiffs, as indorsees, against the defendants, as indorsers of a promissory note, made by *William Smyth* to them

or order, and indorsed by them and by *L. Cram*, and by *Cram*, *Dutton & Co.*, dated *May* 4, 1835, and payable in one year from date. To prove a demand upon the maker and notice to the defendants, the plaintiffs offered a copy of the notarial records of *Mr. Starrett*, who died before the trial, certified by the clerk of the court of the county. They also offered the original records of the notary, which were on file in the clerk's office. Neither the records nor the copy had any impression of a seal thereon, but only the letters, (L. S.) written in the margin. This testimony was objected to by the defendants, as inadmissible, and as insufficient, if admitted, because it was made *May* 7, 1836, one day too late. The maker and indorsers lived in *Bangor* in this State. If the action could be maintained, a default, and if it could not, a nonsuit was to be entered.

*M. L. Appleton*, for the plaintiffs, contended, that the evidence was both admissible and sufficient; and cited *stat.* 1821, *c.* 101; *Welsh* v. *Barrett*, 15 *Mass. R.* 380 ; *North Bank* v. *Abbott*, 13 *Pick.* 465 ; *Halliday* v. *Martinet*, 20 *Johns. R.* 168 ; *Nicholls* v. *Webb*, 8 *Wheat.* 326 ; *Amer. Jurist, No.* 37, 159, citing 1 *Harrington*, 10.

*Rogers*, for the defendants, argued, that at common law, a protest is not evidence to prove demand and notice in case of an inland bill or note. *Chitty on Bills*, (8th Ed.) 499 ; *Bayley on Bills*, (P. & S. Ed.) 170, 332; case cited for plaintiffs, from 8 *Wheat.* 326. That it is not made so by statute in this State. *St.* 1831, *c.* 88, *c.* 101. The seal is the authentication of the protest, and where there is no seal, there is no protest. Neither the record nor the copy is under seal. The letters in the margin are not a seal. In case of foreign bills, the protest is the only evidence, and the same consequence must follow in inland bills and notes, if the protest is evidence. He also contended, that a demand made on the seventh of *May* was too late.

The opinion of the Court was by

SHEPLEY J. — Without reference to the provisions of the statute of this State, the original records of the deceased notary are legally admissible to prove demand and notice. Such testimony has been received by judicial tribunals of the highest character af-

ter the most full consideration.   15 *Mass. R.* 380; 13 *Pick.* 465; 20 *Johns. R.* 168; 7 *Wend.* 160; 1 *Harrington*, 10.   Nor is there any doubt, that the copy of the record of the notary, duly attested by the clerk of the Courts, is admissible by statute, 1821, *ch.* 101.   By that a notary is authorized to give "all notices to indorsers of promissory notes, and it necessarily implies the authority to demand payment of the makers.   It provides in case of his death, that his records shall be deposited in the office of the clerk of the Judicial Courts in the county where he resided; and the clerk is authorized to give attested copies, which are declared to be as valid as if given by the notary.   The objection is, that neither the record, nor the copy is under seal, and that the statute requires, that the notary should keep a seal, and that his acts should be under his official seal.   The statute does require that "all copies or certificates shall be under his hand and notarial seal."   But the record itself is not required to be authenticated by a seal, and the records of a court of record are not usually authenticated in that manner, and yet the seal of the court is in certain cases necessary to authenticate a copy.   When the clerk makes a copy of the notary's record, he can have no more right to use his seal, than to affix his signature; and the intention of the statute must have been, to make an attested copy by the clerk as good evidence as a copy, under the hand and seal of the notary, would have been.   When inland bills and notes are by statute required to be protested by a notary, his acts only can be admitted in proof, as in the case of foreign bills.   But when, as in this state, there is no such provision, the notary being only authorized to do it, his records, and certificates under his hand and seal, are admissible, yet not required, to prove demand and notice.

The note being payable "one year from date," it is said, that the demand should have been made upon the sixth, and not upon the seventh of *May*.

But in such cases, the day of the date is to be excluded in the computation.   *Windsor* v. *China*, 4 *Greenl.* 304; *Bigelow* v. *Willson*, 1 *Pick.* 485.   And the demand appears to have been properly made, and due notice to have been given.

*Default to be entered.*