Arms *v.* Middleton.

———————•◦•———————

ARMS and TOAN, adm'rs &c., *vs.* MIDDLETON and others.

Where it was proved that a physician attended the birth of a person whose age was the subject of inquiry in the action; that he was in practice from a period many years prior to the birth to several years afterwards; that he kept a register of all his cases of births; and that in this register was an entry of the birth of such person, at a time specified; and subsequent entries of the birth of a brother and sister; *Held* that the entries were competent evidence, after the death of the physician making them.

Such a case comes within the rule that entries made by a third person, in the usual course of professional employment, or of a clerkship or agency, are, after the death of the person making them, competent evidence, as being part of the *res gestæ.*

It is not necessary that there should be an absolute duty, on doing an act, to make an entry of it, to render the entry admissible after the death of the person making it. It is sufficient that it is a proper case for making an entry of the act, and that such is the usual practice of the individual.

APPEAL from an order made at a special term. The action was commenced in May, 1850, to revive a decree which the complaint alleged was directed, by the late court of chancery, to be drawn, and entered, but which was never in fact entered. The following issues were directed to be tried by a jury : 1. Was Isaac L. Middleton born on the 3d day of May, 1810 ? 2. Was

Isaac L. Middleton born on the 3d day of May, 1815? 3. Was Isaac L. Middleton, the defendant, 21 years of age on the 3d day of December, 1835, when his guardian *ad litem* put in his answer for him, in the chancery suit, as alleged? By direction of the court, Isaac L. Middleton held the affirmative of the issues. The issues were tried at the Seneca county circuit in September, 1854, before Justice WELLES. Mrs. Taylor, the mother of said Isaac L. Middleton, and Sally C. Brown, half sister of said defendant, testified that he was born on the 3d day of May, 1810. Several other witnesses testified in behalf of the defendant. The plaintiff called Richard T. King as a witness, who swore that he was a son of Dr. Consider King, the physician who attended Mrs. Middleton at the time Isaac was born, and that his father died some three years before the trial; and produced a book, which he testified was in his father's handwriting, and kept by him as a register or list of the births he attended, from the year 1805 to 1846. The plaintiff offered the book in evidence for the purpose of showing that the defendant was born on the 3d day of May, 1815. The defendant's counsel objected to the evidence, on the grounds, 1st. That the entries proposed to be read were the mere declarations of Dr. King, and not admissible in this case. 2d. That the birth of the defendant could not be shown by such evidence when there were living witnesses by whom the plaintiffs could prove the fact, and who were within their reach. 3d. That such proof was not admissible when the mother and other persons who knew the fact were present. 4th. That no proper foundation had been laid; and 5th. That the entries in the book showed they could not have been made by Dr. King, at the time when the services were rendered. The court overruled the objections, and held that the evidence was admissible; to which the defendant's counsel excepted, and the book was read in evidence, wherein was an entry showing that Isaac Middleton, the father of the defendant, had a child born on the 3d day of May, 1815, with the word "Nigri" added. (The defendant and his father were both of African descent.) Subsequent entries were found, and read from the book, which related to some of the other children,

Arms *v.* Middleton.

one male and one female.   The principal question in the case was whether the memorandum book or register of births made by Dr. King was properly received as evidence.   The jury found that Isaac Middleton was not born on the 3d day of May, 1810, but was born on the 3d day of May, 1815.   Also, that Isaac Middleton was not twenty-one years of age on the 3d day of December, A. D. 1835, when his answer was put in for him by his guardian *ad litem* in the alleged chancery suit.   A verdict was therefore rendered in favor of the plaintiff.   A motion was made at the Cayuga special term in January, 1856, before Justice WELLES, to set aside the verdict, and for a new trial; which motion was denied, and Isaac L. Middleton, the only defendant who had answered in the cause, appealed.

*E. W. Arms*, for the plaintiffs.

*John E. Seeley*, for the appellant.

*By the Court*, T. R. STRONG, J.   This case comes within the rule, that entries made by a third person in the usual course of professional employment, or of a clerkship, or agency, are, after the death of the persons making them, competent evidence as being part of the *res gestæ*.   The cases in support and illustrative of this rule, are very numerous.   Many of them will be found collected in 1 *Greenl. Ev.* §§ 115, 116, 117 ; 1 *Smith's Lead. Cases,* (*Price* v. *The Earl of Torrington, and notes, commencing at p.* 139.)   Among the cases of this kind in this state, are *Merrill* v. *The Ithaca and Owego R. R. Co.* (16 *Wend.* 586 ;) *Sheldon* v. *Benham,* (4 *Hill,* 129 ;) *Brewster* v. *Doane,* (2 *id.* 537.)   In the case last cited, Bronson, J., who delivered the opinion of the court, says : "The rule is that entries and memoranda made in the usual course of business, by notaries, clerks and other persons, may be received in evidence after the death of the person who made them."   It is not necessary, as appears by several of the cases, that there should be an absolute duty, on doing an act, to make an entry of it, to render the entry admissible

after the death of the person making it; it is sufficient that it is a proper case for making an entry of the act, and that such is his usual practice. The case of *The Inhabitants of Augusta* v. *The Inhabitants of Windsor*, 19 *Maine R.* (1 *Appleton*) 317, is very much like the present one. That was an action for charges incurred on account of a pauper, and upon the trial it became material to ascertain the time when one Linscott had a leg broken; after proof that a certain physician in regular practice in 1820 and 1821, attended and set the leg, and that he died in 1839, a day book of the physician, in his handwriting, containing two charges against Linscott, one dated September 28, and the other September 29, 1821, for reducing a fracture in his leg, and for medical attendance, were held to be admissible evidence. In the present case it was proved the physician attended the birth of Isaac L. Middleton, whose age was the subject of inquiry; that he was in practice from a period many years prior to the birth to many years afterwards; that he kept a register of all his cases of births, the aggregate number of which, in about 40 years, was 990; and that upon this register were entries of the birth of Middleton, and subsequently of a brother and a sister, which are the entries in question. I am satisfied the entries were properly received.

It is made a point, that numerous births, embracing a period of several months, appeared by the book to have been entered at one time, and that in many instances the entries did not succeed each other in the order of time; but the case does not contain a copy of the book, or such a description of it that the court can see this is so; hence the point cannot be regarded.

The order appealed from, denying a new trial, must be affirmed with costs.

[MONROE GENERAL TERM, March 2, 1857. *T. R. Strong*, *Welles* and *Smith*, Justices.]