# CITY COURT REPORTS.

New York Marine Court.

*Trial Term—May*, 1877.

## THE BANK OF METROPOLIS *against* CHARLES JACOBS.

**Protest of check—books of dead notary as evidence.** When the notary who protests a note dies, the protest may be proved by producing his notarial book, proving its character, that the handwriting is that of the notary, and that it was a book kept for the purpose of entering protests, &c.

Trial by the court without a jury.

McADAM, J.—The plaintiff sues upon a bank check drawn by the defendant, bearing date December 15, 1875, whereby he requested the West Side Bank to pay to the order of S. Goldsmith on January 5, 1876, $438.77. Goldsmith indorsed the check and delivered it to the plaintiff.

The defendant, Jacobs, defends upon the ground that the check was not presented at the West Side Bank at maturity, and that notice of dishonor was not given to him as drawer. The notary public, under his hand and official seal, certifies that said check " was, on the 5th day of January, 1876, duly presented to the teller of the West Side Bank, and payment thereof demanded and refused." Whereupon he, the said notary, duly protested the same. This certificate is by statute made presumptive evidence

of the facts therein contained (3 *R. S.* 6 ed. 445, § 36).
The check was not entitled to days of grace (2 *Id.*1163, § 29),
and was properly protested on January 5. The service of
notice of protest upon the indorser was proved : *First.*
By showing the notary's death. *Second.* By producing
his notarial book, proving its character, that the hand-
writing was that of the notary, and that it was a book
kept for the purpose. This evidence was competent
(Sutton *v.* Gregory, *Pea. Add. Cas.* 150 ; Poole *v.* Dicas, 1
*Bing. N. C.* 649 ; Holmes *v.* Smith, 16 *Me.* 181 ; Halliday
*v.* McDougall, 20 *Wend.* 81 ; Gawtry *v.* Doane, 51 *N.
Y.* 90 ; Bank *v.* Cooper, 1 *Har.* [*Del.*] 10 ; Wetherell *v.*
Claggett, 28 *Md.* 465 ; Bodley *v,* Scarborough, 6 *Miss.*
729.; Duncan *v.* Watson, 10 *Miss.* 121 ; Armes *v.* Middleton,
23 *Barb.* 571 ; Brewster *v.* Doane, 2 *Hill,* 537).

It has even been held that the entries of a deceased
bank clerk, made in the register of a notary in the usual
and ordinary course of business, were properly received
in evidence. The entries were made in a book kept for
the notary for that purpose by the clerk, whose duty it
was to transact the particular business and to make the
entries. The entries made by the deceased clerk were
deemed the best attainable evidence under the circum-
stances, as they were made under such circumstances as
to furnish a strong presumption that they were true, and
they were received to prevent a failure of justice (51
*N. Y.* 90).

In Welsh *v.* Barrett (15 *Mass.* 380) the book of the
messenger of the bank, not a notary, who was dead, in
which in the course of his duty he entered memoranda of
demands and notices to the promisors and indorsers upon
notes left in the bank for collection, was received as
evidence of a demand of the maker, and notice to the
defendant as indorser, of a note so left for collection.

In Nichols *v.* Goldsmith (7 *Wend.* 162), the memoran-
dum of a deceased cashier of a bank—who frequently noti-
fied indorsers of non-payment of notes in the name of

Bank of Metropolis *v.* Jacobs.

the acting notary of the bank—that on a certain day he sent notices by mail to an indorser, was held to be competent, and *prima facie* sufficient evidence to charge the indorser.

In Shelden *v.* Benham (4 *Hill*, 129), it was held that the memorandum of a deceased teller of a bank, made in the usual course of his employment, is competent evidence in proving a demand by him of the maker of a note and notice to the indorsers, and this, whether he attended to the business on the retainer of a notary, or as part of his duty to the bank.

The Revised Statutes (2d ed. p. 212, marg. p. 284, vol. 2, § 48) provide that " Any note or memorandum made by a notary public in his own handwriting, or signed by him, at the foot of any protest, or in a regular register of official acts kept by him, shall, in the cases specified in the last section, [death or insanity of the notary] be presumptive evidence of the fact of any notice of non-acceptance or non-payment having been sent or delivered at the time and in the manner stated in such notice or memorandum."

The defense is technical, and has been sufficiently overcome by the proofs, which are sufficient to charge the defendant whether he received the notice or not (51 *N. Y.* 93). Judgment will therefore be rendered for the plaintiff for $480.03, the amount of the check, with interest and five per cent. allowance.

**Entries in book of deceased witness.** See the case of the Town of Bridgewater *v.* Town of Roxbury, 35 *Alb. L. J.* 66, in which the authorities on the subject are collated.

**Mailed and not received.** A notary's notice, proved to have been mailed by the notary, and not to have been received by the indorser, may be presumed not capable of production, and the contents may be proved by parol (Greenwich Bank *v.* De Groot, 7 *Hun*, 210).