MARY O. DAKIN, as Executrix, etc., of ELBRIDGE DAKIN, Deceased, Respondent, v. ELDRETH A. WALTON, Appellant.

*Books of account — death of entry clerk — account stated — proof of statements of a deceased agent.*

Books of account of a person who has died before the trial of an action brought to enforce a demand represented by entries therein, whose clerk, the maker of the original entries, is also dead, may be introduced in evidence when accompanied by the usual preliminary proof.

The retention by a vendee for several weeks of a bill sent to him by a vendor, not followed by any objection on the part of the vendee except as to the price, will constitute the bill an account stated as to the quantity of goods sold.

Such retention and objection will not conclude the vendee as to the price, and where a merchant's business is in charge of an agent who named to the vendee a price lower than that stated in a bill subsequently rendered, it is competent for the vendee to testify to such price, although the merchant and his agent have both died before the trial of the action.

The matter of a stated account is one of mutuality of the parties to it.

APPEAL by the defendant, Eldreth A. Walton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ontario on the 15th day of June, 1894, upon the report of a referee.

*Charles A Hawley*, for the appellant.

*George L. Bachman* and *D. N. McNaughton*, for the respondent.

BRADLEY, J.:

The plaintiff's testator for some years prior to his death was engaged in the coal business at Geneva, N. Y. The purpose of this

action was to recover a sum alleged to be due from the defendant for coal, sold and delivered to him. From in September, 1890, until the time of his death, in March, 1893, the plaintiff's testator by reason of his illness gave no personal attention to the business. During that period his business of selling coal was transacted by George Patterson, who had for many years been in his service. Patterson died in May, 1893. And the evidence relied upon to prove the sale and delivery of the coal in question to the defendant was mainly that furnished by the testator's books of account, and by the fact that bills rendered to the defendant of coal sold to him were retained by him for considerable time without any objection made to them in that respect. The entries of the account in question were made in the books by Patterson, and after his death there seems to have been no evidence of the sale of the coal to the defendant available to the plaintiff, other than that furnished by the book. After the preliminary proof requisite in such case had been given the account book was introduced in evidence. This was permitted by the exigency of the situation arising from the death of the person having charge of the business and who made the entries in the book. (*Arms* v. *Middleton*, 23 Barb. 571–573.)

The plaintiff caused a statement of the account for coal against the defendant to be delivered to him. In it the price of the coal was inserted as it appeared on the book, at five dollars and fifty cents per ton. The defendant afterwards returned the bill with a statement written by him at the bottom of it, to the effect that reduction should be made to five dollars per ton, as agreed with Patterson, and with the bill inclosed his check to the plaintiff for the amount so reduced. This the plaintiff did not accept, but returned the check to the defendant with another bill increased forty-four dollars and twenty-eight cents by the addition of an item of that amount omitted in the former bill as rendered. This he had retained two or three weeks when this action was commenced. It is claimed on the part of the plaintiff that the retention by the defendant without objection of the account as first rendered for five or six weeks, and the other for the time before mentioned, constituted a stated account. The plaintiff was at liberty to so treat the first bill rendered, and then it may have been treated as presenting *prima facie* the state of the account between the parties. (*Lockwood* v. *Thorne*, 18 N.

Y. 285.) The matter of a stated account is one of mutuality of the parties to it.

That bill was not treated by the plaintiff as the entire account, and she corrected it by adding the further item of forty-four dollars and twenty-eight cents. But the final treatment by the defendant of the first bill rendered was such as to permit the inference that he recognized the correctness of the quantity of coal stated in it, and the same conclusion is allowable as to the other and later bill rendered.

It cannot be said that the defendant was concluded as to the price in it. He offered to prove a conversation had by him with Patterson in regard to the purchase of coal in the spring of 1892, and before the coal in question was delivered, and the evidence was excluded. This was error. Patterson then had charge of the business of selling coal for the plaintiff's testator, and it was within his apparent authority to agree upon the price of coal sold by him, and if, as the defendant insists, Patterson agreed to sell him the coal so delivered at five dollars per ton, it was competent to prove the fact. It cannot be assumed that the defendant may not have been prejudiced by the exclusion of the evidence.

The judgment should be reversed and a new trial granted, costs to abide the event unless the plaintiff stipulate to reduce the recovery, aside from costs, to $334.75, and interest on $243.58 from February 20, 1893, and on $91.17 from May 20, 1893, and in that event the judgment be so modified, without costs of this appeal to either party.

LEWIS, J., concurred.

So ordered.