## TAFFE vs. THE STATE.

No person should be tried upon a charge of felony, when he has not reason enough, whether in consequence of intoxication, or other cause, to appreciate his peril, or to act advisedly with his counsel in suggesting to them such facts as would break the force of the prosecuting evidence, and in adducing such exculpatory proof as his case would warrant.

*Appeal from Sevier Circuit Court.*

Hon. LEN. B. GREEN, Circuit Judge.

GALLAGHER and KNIGHT, for the appellant.

The prisoner was not in a condition to be tried; and therefore a new trial should have been granted. We submit that the terms used by our statute are, in effect, that the prisoner shall not either be tried or sentenced, when he has not intelligence enough to understand the nature of the proceeding against him. (See *Archbold's Cr. Pr. and Pl.* 5, *and notes*). It was clearly proven that during the trial the prisoner was too drunk to understand the nature of the proceedings; and we submit that the trial should have been stayed.

HOLLOWELL, for the State.

The ground that the defendant by the excessive use of ardent spirits, had rendered himself unable to advise with his counsel during the trial of the cause, it is insisted, is not sufficient to reverse the judgment, after the court below, in the exercise of its discretion, saw proper to refuse the defendant a new trial on that ground. Nor does it appear wherein the defendant was prejudiced. True, it is stated that he was so stupefied that he did not receive an impartial trial, but there is no attempt to state where-

in his rights were prejudiced. *Nelson vs. White*, 18 *Ark.* 574; *Coker vs. State*, 20 *Ark.* 53.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Although a full examination of the record of this case has been made, and all the points raised by counsel have been considered, we propose to confine the expression of the court mainly to that point of the case presented upon the motion for a new trial, which makes it evident to us that the appellant, while upon trial, was so stupefied by intoxication as not to be able to understand the peril of his condition, to assist his counsel in their defence of him, or to avoid the repugnance, and perhaps the prejudice, which must have resulted from his debased and disgraceful position. Upon this subject there is no room for doubt. The affidavit of three of the attorneys of the court, who conducted the defence of Taffe, strengthened by the supporting affidavit of five observers of Taffe's conduct and condition during the trial, make it certain that Taffe was tried, and convicted when he was so intoxicated that he was not able to understand the facts of his case, and could not communicate with his counsel with intelligence. He was, from the beginning of the trial, under the disturbing influence of liquor, and continued to grow less intelligent till he sunk into entire stupor. It is a part of this case, as disclosed by the record, that, from an early stage of the trial, an unreasonable senseless person was upon a trial involving the loss of his liberty, and the exchange of the state of an enfranchised citizen, for the degradation and disabilities of a convicted felon. Without waiting to adduce citations, we should be willing to say that no person should be tried upon a charge, the effect of whose establishment would be to make a felon of a citizen, when he has not reason enough to appreciate his peril, or to act advisedly with his counsel, in suggesting to them such facts as would break the force of the prosecuting evidence, and in adducing such exculpatory proof as his case would warrant.

We must suppose that the court did not observe, or did not

understand, the real condition in which Taffe was, as disclosed by the affidavits, else it would have arrested the progress of the trial till the return of his faculties. For we cannot conceive that any court would so disregard the propriety of a court, as to permit the trial of a culprit to be continued, when from temporary or permanent madness he was unable to understand the meaning of the accusatory proceedings, or to make his defence.

The first principles of the elementary books are, that whenever a person is disqualified from defending himself, by the loss or want of reason, he shall not be the subject of a legal prosecution or penalty.—As thus: "Also if a man in his sound memory commits a capital offence, and before arraignment for it he becomes mad, he ought not to be arraigned for it, because he is not able to plead to it with that advice and caution that he ought. And if, after he has pleaded, the prisoner becomes mad, he shall not be tried; for how can he make his defence? If after he be tried and found guilty, he loses his senses before judgment, judgment shall not be pronounced; and if after judgment he becomes of non-sane memory, execution shall be stayed; for peradventure, says the humanity of the English law, had the prisoner been of sound memory, he might have alleged something in stay of judgment or execution." 4 *Blk. Com.* 24; also *ib.* 395.

"If a man in his sound memory commits a capital offence, and before his arraignment he becomes absolutely mad, he ought not by law, to be arraigned during such his frenzy, but be remitted to prison until that incapacity be removed; the reason is because he cannot advisedly plead to the indictment; and this holds as well in cases of treason, as felony, even though the delinquent in his sound mind were examined, and confessed the offence before his arraignment: * * * * * And if such person, after his plea, and before his trial, become of non-sane memory, he shall not be tried; or, if after his trial he becomes of non-sane memory, he shall not receive judgment; or, if after judgment he becomes of non-sane memory, his execution shall be spared; for were he of sound memory, he might

allege somewhat in stay of judgment or execution." 1 *Hale's Pleas of the Crown*, 34, 35 ; 1 *Ch. Crim. Law*, 761 ; *Barb. Cr. Law*, 272.

This question is entirely distinct from that which regards the accountability for a crime committed by a drunken person. That is well settled in the law, and has no connectien with the rule of practice requiring the defendant to be a reasonable being at the time of trial—none of the references we have made, no law that we can find, undertake to say that the trial may go on when the frenzy, or stupefaction, shall be owing to one cause, and shall be arrested in other cases. When it was ascertained that Taffe was not able to make such defence as he could or might have made, in the use of his right reason, and whether this inability was owing to drunkenness, or to any cause beyond his control, the law is the same. To fulfill the humane purpose of the law, one arraigned on a felonious charge must be of sound mind when he is tried ; with the proximate or remote cause of the unsoundness the law does not charge itself with an examination, further than to adopt such restorative measures as may remove a temporary disability.

It is much to be desired that the counsel for Taffe, instead of proceeding in the trial, did not make his condition known to the court, when he might have been committed to jail till he was sober, and the cause proceeded in at that term, or continued until another term of the court, as the time and business of the court should make expedient. The trial should not have been treated as a game of hazard, in which Taffe might be acquitted, or if convicted might obtain a new trial for having been incompetent to be tried.

We have not, after a considerable search through the books, found any case in which a new trial has been granted for the cause for which we grant it in this case, yet we are none the less impressed with the propriety and legality of our conclusion. That no such case has been found, must be attributable to the universal and inherent sense of right and propriety which have prevailed in courts, where such scenes as that of Taffe's trial may

have been represented, in deferring the trial, or in granting new trials, so that the question here decided has not been often presented to courts of appellate jurisdiction.

If the intoxication of a juror be a sufficient cause for discharging a jury, 2 *Graham & Waterman on New Trials*, 101 ; *United States vs. Haskill*, 4 *Wash.* 409 : If a court, upon discovering the intoxication of a material witness in a cause, should adjourn it till the witness become sober, or if necessary, defer the trial a term, (3 *Graham & Waterman on New Trials*, 981 ;) certainly the intoxication of a defendant on trial for his liberty should be deferred by the court, upon discovery of the fact during the trial; or if not brought to its notice till a verdict was rendered, that should be set aside.

In the control which a court may exercise over persons resting under criminal charges, over its officers, who ought not to be allowed to bring drunken persons to the bar, and over the counsel in the cause, who should at once apprise the court of the incapacity of a client to participate in an intelligible defence, there is no reason to fear that this case shall be a precedent to defeat the ends of a prosecution.

The evidence in this case is of the slightest amount to sustain a verdict, but we trust that this fact, apparent upon the record, has not had any effect upon the decision made upon the point discussed.

Let the judgment of the Circuit Court of Sevier county be reversed, and a new trial awarded to Taffe.