COOK *v.* STATE.

Opinion delivered October 2, 1922.

1. INDICTMENT AND INFORMATION—BLANK DATE.—An indictment is not demurrable for leaving the date of the offense blank.

2. CONTINUANCE—ILLNESS OF DEFENDANT.—Refusal to grant a continuance for the merely temporary illness of defendant was not error where the court had opportunity to observe defendant, where no prejudice was shown to have resulted from being forced into trial, and where defendant was insisting upon a continuance for the term, instead of postponement for a few days.

3. CRIMINAL LAW—EVIDENCE OF IMPROPER RELATIONS WITH OTHER GIRLS.—In a prosecution for assault to rape, evidence that defendant attempted to have improper relations with three other little girls on various occasions about the time of the alleged assault on the prosecutrix was admissible to rebut testimony of defendant that he had been without sexual power for two years previous.

4. CRIMINAL LAW—WEIGHT OF TESTIMONY OF INFANT.—In a prosecution for assault to rape, the weight and effect of the testimony of the prosecutrix, who was 8 years old, who displayed knowledge of right and wrong and understood the nature of an oath, was for the jury.

5. RAPE—SUFFICIENCY OF EVIDENCE.—In a prosecution for assault with intent to rape, evidence *held* to sustain conviction.

6. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—It was not error to refuse instructions covered by those given.

7. CRIMINAL LAW—JUDICIAL NOTICE.—The court will take judicial notice that Bentonville is located in Benton County and within the jurisdiction of the Benton Circuit Court.

8. CRIMINAL LAW—FAILURE TO REQUIRE STATE TO ELECT.—In a prosecution for assault to rape, the failure to require the State to elect the particular act of defendant it relied upon for conviction was not error where defendant made no request for election.

9. WITNESSES—IMPEACHMENT OF ACCUSED.—Where defendant testifies in his own behalf, he becomes subject to impeachment like any other witness.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*W. D. Mauck,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Benton Circuit Court for an assault with intent to commit rape on Frances Allen and, as punishment therefor, was adjudged to serve a term of twelve years in the State Penitentiary. From the judgment of conviction an appeal has been duly prosecuted to this court.

Appellant's first insistence for reversal is that the court erroneously overruled his demurrer to the indictment. The indictment alleged the commission of the offense on a blank date. It was not demurrable on this ground. *Grayson* v. *State,* 92 Ark. 413; *Threadgill* v. *State,* 99 Ark. 126.

Appellant's first insistence for reversal is that the court erroneously overruled his motion for continuance. His case was set for trial on May 17, 1922. On that day he procured a continuance until June 5, a day in the same term. On June 5 his attorney made an oral motion for continuance on account of the illness of appellant. The State's attorney agreed that evidence might be heard upon the motion, which resulted in a denial of a continuance for the term, over the objection and exception of appellant. The court passed the case on his own motion, however, until the following morning. Two physicians, Doc-

tors Hurley and Pickens, gave testimony relative to appellant's illness. Dr. Pickens was the physician in attendance upon him, and Dr. Hurley made an examination of him before testifying. Both agreed that appellant was temporarily confined to his bed on account of a disordered stomach, and bowel complaint. Both thought it best for him to keep quiet and remain at home until there was a change for the better, but neither thought it would endanger his health or his life to attend court. On the following morning appellant appeared in court and insisted upon a continuance of his case for the term. The oral motion was reduced to writing and submitted upon the evidence adduced the day before. The court again denied the motion, over the objection and exception of appellant, and ordered the trial to proceed. In view of the fact that appellant's ailment was temporary, that the court had an opportunity to observe him, and that no prejudice was shown to have resulted to him on account of being forced into trial; and the further fact that appellant was insisting upon a continuance for the term instead of a few days' delay, we are unable to say that the court abused his discretion in overruling the motion. *Morris* v. *State,* 102 Ark. 518.

Appellant's next insistence for reversal is that the court erroneously admitted the testimony of three little girls, Virgie Dean, Hazel Booth, and Hazel Hubbard, who testified that appellant attempted to have improper relations with them on various occasions about the same time it is alleged he assaulted Frances Allen. This evidence was admitted in rebuttal to testimony given by appellant in his own behalf, to the effect that he had been without sexual power for two years at the time of the alleged assault. He testified to this fact as tending to show the improbability of the alleged assault. Having made his lack of sexual desire a material issue, he was not in position to complain of the introduction of testimony as to collateral acts, tending to refute his claim of sexual inability. The admissibility of the testimony comes within the rule announced in the case of *Brust* v. *State,* 153 Ark. 348.

Appellant's next insistence for reversal is that the testimony of the prosecuting witness, Frances Allen, was so unreasonable that no faith and credit should be attached to it, and, because of this fact, the evidence was insufficient to support the verdict. She testified that she was in the habit of visiting the appellant's store in Bentonville, and that for more than a year he petted, coaxed, and handled her in an overly familiar way, and, through his advice, she did not inform her mother of his immoral conduct; that on one occasion he gave her candy and induced her to go upstairs with him where he laid her on sacks and attempted to have sexual intercourse with her. It is true, the little girl was only eight years of age, but upon examination she displayed a knowledge of right and wrong, and understood the nature of an oath. She, seemingly, was of average intelligence. The weight and the effect to be attached to her testimony was a matter exclusively for the jury. *Roland* v. *Nall,* 100 Ark. 629; *Malone* v. *Collins,* 112 Ark. 269. Credit having been accorded her testimony by the jury, the evidence, revealed by the record, was sufficient to support the verdict.

Appellant's next insistence for reversal is that the court erred in refusing to give his requested instruction No. 4, defining a simple assault. The court correctly defined simple assault in his oral instructions. Also, that the court erred in refusing to give his requested instruction No. 7, which is as follows: "Unless you believe from all the evidence in this case, beyond a reasonable doubt, that the defendant assaulted the prosecuting witness with the intent of ravishing her, and that he intended to overcome her resistance, then you are authorized to find the defendant not guilty of an assault to rape." This instruction was fully covered in appellant's requested instruction No. 1, given by the court. The law does not require courts to repeat themselves in instructing juries.

Appellant's next insistence for reversal is that the venue was not established. The proof showed that the assault was committed in appellant's store in Bentonville.

The court had notice, without proof, that Bentonville is located in Benton County and within the jurisdiction of the Benton Circuit Court. *Foreham* v. *State,* 53 Ark. 46.

Appellant's next insistence for reversal is that the court did not require the State to elect the particular act of appellant it relied upon for a conviction. No request was made for an election, hence the question of election does not arise.

Appellant's next and last insistence for reversal is that the court erred in permitting the State to impeach his reputation for morality. Appellant became a witness in his own behalf, and was subject to impeachment the same as any other witness. *Hunt* v. *State,* 114 Ark. 239.

The judgment is affirmed.