BURFORD *v.* STATE.

Opinion delivered July 13, 1931.

*Shinn & Henley* and *Shouse & Rowland,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellant was convicted of murder in the second degree, on an indictment charging murder in the first degree, for the killing of R. O. Lawhorn, and sentenced to ten years in the penitentiary.

The first assignment of error urged for a reversal of the case relates to the refusal of the court to permit the witness, Dr. C. M. Routh to answer a question as to

about how long, in his opinion, he thought appellant would live. It was developed in the testimony of this and other witnesses that appellant was afflicted with Hodgkin's disease and had been so afflicted for about two years, and that a person so afflicted would probably live from eighteen months to four years. We do not see the importance of the testimony sought to be elicited by the above question, nor its relevancy. If it were sought to show the physical condition of appellant, that fact was fully developed by other testimony, as was also the fact of his mental condition. The length of time the witness might have thought appellant would live from the date of the trial was unimportant and properly excluded.

The next assignment of error relates to the refusal of the court to permit the witness, Pumphrey, son-in-law of appellant, to testify that the deceased had the reputation of having a violent and uncontrollable temper. The record reflects that the court permitted the witness to testify to the deceased's reputation for having a violent and uncontrollable temper. For instance the witness was asked this question and gave this answer: "Q. Are you acquainted with his reputation in the community where he lives for being a man with a violent temper and uncontrollable? A. Yes, he had a right smart of temper." He further answered that he was a high tempered man and quick to fly to pieces. It will therefore be seen that the witness was permitted to answer the question.

The next assignment of error relates to the refusal of the court to permit the witness, Dr. G. I. Jackson, to answer a question, based on his knowledge of appellant's physical condition as to whether appellant had such control of his mental and nervous faculties as to be rationally responsible for his acts. The record reflects that this witness was permitted to testify concerning appellant's affliction and its effect on his nervous system, and in his opinion that he did not have that control that a normal person would have. We think the court properly excluded the testimony called for in the question because it

called for a conclusion of law. In Underhill on Criminal Evidence, § 269, p. 383, it is said: "A medical expert may testify as to the mental condition of one whom he has examined and give his opinion as to his sanity on the date of his alleged crime. But the expert who testifies as to the insanity of the accused should not be permitted to testify that in his opinion the accused was or was not capable of determining between right and wrong nor that he appreciated the enormity of the crime, nor whether the defendant was a fit subject for extreme punishment, nor that he was of weak mind when he was neither an idiot or insane person, nor whether he was mentally responsible while suffering from an insane delusion, nor to state the symptoms of one claimed to be shamming unconsciousness."

Another assignment of error relates to the refusal of the court to grant a continuance on account of the physical condition of appellant, the motion for which alleged that he was incapacitated to stand trial and incapable of rendering to his counsel the necessary assistance for the preparation and trial of the case. Several physicians supported the motion by testimony tending to show his incapacity. At the suggestion of the prosecuting attorney, the court appointed three reputable physicians to examine appellant with the view of determining whether he was able to attend the trial. These physicians reported that appellant was able, and the court thereupon overruled the motion. He did attend the trial, testified in his own behalf, and there is nothing in the record to show his incapacity to do so or to lend the necessary aid and assistance to his counsel. He was ably represented by eminent counsel, and the verdict of the jury was not a harsh one, as it might have been much more severe under the testimony in the case. Motions for continuance rest in the sound discretion of the trial court, and this court does not reverse the trial court's action in refusing to grant a continuance unless an abuse of discretion is shown. See *Morris* v. *State,* 102 Ark. 513, 145 S. W. 213.

Another assignment of error relates to the admission of certain testimony over appellant's objection and to the giving of instruction No. 9. We have examined both assignments of error and find them without merit. The record reflects that appellant had a fair and impartial trial. We find no error, and the judgment is accordingly affirmed.