PARSONS v. STATE.

4467

205 S. W. 2d 860

Opinion delivered November 24, 1947.

E. C. Thacker and Hebert & Dobbs, for appellant.

Guy E. Williams, Attorney General, and Oscar E. Ellis, Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The girl, a victim of tragic abuse and misfortune, was just seventeen—little more than a child.

Appellant, a gray-haired married man with grown children, was in Hot Springs making a nocturnal tour of grills, bars, and the market places of pleasure. At Mike's Resort he found a younger man whose tastes were somewhat similar. Jewell, who was so soon to die, had entered West End Bar shortly before appellant and his new-found friend stopped there to satisfy their thirst.

Jewell had finished a coca-cola and was waiting for one she was not to see again—her mother. Parsons and his pick-up started conversation; and together the three went to Wagon Wheel where the men drank again, but the girl did not. At half past eleven they were at Purity Grill. Appellant says he left alone in his son's car—a conveyance he had been using for accommodation of the party. Others say Parsons drove away with Jewell.

An hour later David E. Anderson, en route to Little Rock, and while driving about eight miles from Hot Springs, was startled to see, directly in front, the door of a Model A Ford fly open as the car proceeded at approximately twenty miles; and a body fell or was thrown to the paving. Although the death-car driver stopped within a short distance, he then drove on without getting out or identifying himself. Anderson gave assistance.

The ·injured person—who proved to be the child Parsons attached himself to at West End Bar—died several hours later without gaining consciousness.

There was evidence at the trial from which the jury could have found that Jewell, in a desperate effort to escape further physical sacrilege, leaped from the moving car after her virginity had been violated.

In the indictment it was charged that the defendant caused Jewell's death while contributing to her delinquency. See Pope's Digest, § 7499. The motion to quash because of misjoinder was properly overruled.

Parsons defended on the ground that when he left Purity Grill Jewell was still there, and that he did not see her again. Description of the car observed by Anderson corresponded with that of the Ford admittedly used by Parsons. His denial that Jewell went with him was unsupported, and it is at variance with testimony of those who were positive the two left together. Although circumstantial, the evidence was sufficient to convict.

An exhaustive examination of the record and full consideration of all matters advanced as reasons for reversal do not overcome the State's contention that appellant received a fair trial.

Affirmed.