PERKINS *v.* STATE.

4608                                                     230 S. W. 2d 1

Opinion delivered May 8, 1950.

Rehearing denied June 5, 1950.

*Bland, Kincannon & Bethell,* for appellant.

*Ike Murry,* Attorney General, and *Jeff Duty,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Jack Perkins and James Eugene Harris were jointly charged by information with the crime of murder in the second degree in the death of a 15-year old girl, Velma Ruth Bohannon. They were jointly tried and convicted of involuntary manslaughter and their punishment fixed at three years in the penitentiary. Jack Perkins has appealed.

There is little dispute in the evidence which, in the light most favorable to the state, tends to show the following facts: In July, 1949, Velma Ruth Bohannon resided with her parents in the Ham Town Community near Mulberry, Arkansas. Appellant and Harris appeared at the Bohannon home in appellant's truck on the afternoon of July 13, 1949, and Harris made an engagement to take Velma Ruth to the picture show. The young men returned about 7:00 p. m., picked up Velma Ruth and drove to the home of another girl who refused to accompany the party. The three then drove to a place in Ozark, where appellant and Harris drank some beer and procured a bottle of wine. They then drove to appellant's home where they parked the truck. Appellant went into his house leaving Harris with the girl. A quarrel resulted when Harris attempted to have sexual intercourse with Velma Ruth. Harris then left the girl and went into the house where he reported the quarrel to appellant and told him to take the girl home. After Harris assured appellant that he did not love the girl, appellant indicated his intention of having sexual relations with her.

Appellant overtook the girl on the road. She refused to ride in the cab with him but got on the running board on the right-hand side. Appellant drove a short distance to Highway 64 and the girl still refused to get in the truck. Appellant then accelerated the speed of the truck in order to frighten or force the child to get into the cab. Instead of taking the dirt road that led to

the girl's home, appellant drove past the point where the road enters Highway 64 toward the town of Mulberry. After driving about a mile past the intersection, he discovered that the girl was not on the truck.

Appellant reported the incident to Harris and they went to the Bohannon home shortly after midnight and asked Mrs. Bohannon if the girl had come in. When the girl's mother replied in the negative, Harris stated that Velma Ruth left them at a cafe. Appellant and Harris then drove back to the highway and after a short search, the motor of the truck would not start. Appellant then went to sleep in the truck and Harris went home.

Velma Ruth's body was found by her mother about five o'clock the next morning on the shoulder of Highway 64 about an eighth of a mile east of the point where the Ham Town road intersects the paved highway. An autopsy revealed that the girl had suffered a broken neck, concussion of the brain and cuts and abrasions about the face apparently caused when she jumped, or was thrown, from the truck. There was other evidence that appellant and Harris were intoxicated on the night in question and that the girl's body had been moved to the place where it was found in some high grass about six feet from the paved highway. At the time of the trial appellant was 27 years of age while Harris gave his age as 18.

The young men were arrested the following day and both made statements to investigating officers which were later reduced to writing and introduced in evidence at the trial. About the only material difference in the statements introduced and the testimony of Harris at the trial is that, in his testimony, he denied having intercourse with the girl.

It is first contended that prejudicial error resulted in the court's refusal to grant appellant's motion for a separate trial. Whether defendants jointly charged with a felony, less than capital, may be tried separately or jointly is a matter that rests in the sound discretion of the trial court under our statute (Ark. Stats., 1947, §

43-1802). We have held that a denial of a separate trial was not an abuse of such discretion where the confession of one defendant, not admissible against a co-defendant, was introduced in evidence but the jury was instructed that it could not be considered as evidence against the co-defendant. *Bennett and Holiman* v. *State,* 201 Ark. 237, 144 S. W. 2d 476, 131 A. L. R. 908; *Nolan and Guthrie* v. *State,* 205 Ark. 103, 167 S. W. 2d 503.

Appellant is critical of the rule announced in the cases cited above and says it should not be applied where acts of immorality are involved. It is insisted that the statements and confession of Harris contain admissions of moral depravity prejudicial to appellant and without which there would be insufficient evidence to sustain a conviction. We cannot agree with this contention but find the statements and admissions of appellant sufficient to sustain his conviction when considered with other facts and circumstances in evidence, exclusive of the admissions of his co-defendant. The trial court strictly complied with the rule followed in the Bennett and Nolan cases, *supra,* in the instructions given in the instant case, and we find no abuse of discretion in denying appellant's motion for severance.

It is next insisted that the court erred in overruling appellant's motion for a continuance based on a report of the State Hospital for Nervous Diseases where appellant remained for 30 days examination and observation as to his sanity. The motion was filed on November 28, 1949, the date of the trial. In the hospital report, dated October 15, 1949, the examining physician gave it as his opinion that appellant was sane at the time of examination and on the date of the alleged offense, but further stated that it was unlikely that he would be capable of adequately testifying in his defense and recommended that the charges against him be dropped, and that he be advised to seek hospitalization for his nervous condition. Appellant offered no evidence in support of the motion except the hospital report.

Appellant relies on the cases of *Taffe* v. *State,* 23 Ark. 34, and *State* v. *Helm,* 69 Ark. 167, 61 S. W. 915,

which hold that a defendant should not be forced to trial while he is of unsound mind. In *Martin* v. *State,* 194 Ark. 711, 109 S. W. 676, we held there was no abuse of discretion in overruling a motion for a continuance where there was a dispute in the medical evidence as to whether the defendant was physically able to stand trial and cooperate in his defense. There was evidence that the defendant was nervous and had been ill for several weeks before the trial. The court said: ''We are unable to say from the evidence adduced that the trial court abused his discretion in overruling the motion for continuance. The evidence was conflicting between the physicians, and the appellant was present where the court could observe him. He remained in court during the trial, and there is nothing in the record to indicate that his condition was affected by doing so. This court recently said that the question of a continuance rests in the sound discretion of the trial court, and that its action will not be disturbed, on appeal, except where there is a clear abuse of discretion which amounts to a denial of justice. *Adams* v. *State,* 176 Ark. 916, 5 S. W. 2d 946; *Smith* v. *State,* 192 Ark. 967, 96 S. W. 2d 1.'' See, also, *Cook* v. *State,* 155 Ark. 106, 244 S. W. 735; *Burford* v. *State,* 184 Ark. 193, 41 S. W. 2d 751.

It is held generally that the mere fact that an accused is nervous, or very excitable, is not sufficient grounds for a continuance. 22 C. J. S., Criminal Law, § 45. See, also, *Nix* v. *State,* 20 Okla. Crim. 37, 202 Pac. 1042, 26 A. L. R. 1053; *Pope* v. *State,* 42 Ga. App. 680, 157 S. E. 211; *State* v. *Lee,* 58 S. C. 335, 36 S. E. 706. It is noted that appellant was placed on trial 43 days after his discharge from the State Hospital. The state of his nervous condition at that time was not shown. He was in court throughout the trial and the court was in position to observe his actions and evaluate his ability to cooperate with counsel in his defense. After the motion for continuance had been denied, and during the course of the trial, a physician testified on behalf of appellant that he had known appellant for 20 years and treated him a few times for nervous indigestion; and that appel-

lant was "quite nervous," as disclosed by his military service hospital record. The doctor would express no opinion as to appellant's mental competency. It is not the duty or responsibility of the State Hospital authorities to say whether charges against one whom they have found to be sane should be dropped. This is a matter for the courts to determine. There is no evidence of insanity and we are unable to say that the court's action in overruling the motion for continuance amounted to an abuse of discretion under the circumstances.

Appellant also argues that the court erred in overruling his motion for a bill of particulars. Ark. Stats., 1947, § 43-804, provides that a bill of particulars shall state the act relied upon by the state "in sufficient details as formerly required by an indictment." Upon the filing of the motion, the prosecuting attorney informed the court that the information filed contained all the facts of which the prosecuting attorney had knowledge. The information alleges the unlawful, felonious, willful and malicious killing of the girl "in some way and manner and by some means, instruments and weapons to the prosecuting attorney unknown. . . ." An indictment in similar language was held sufficient by this court in the early case of *Edmonds* v. *State,* 34 Ark. 720. We conclude that the information was sufficient under the statute.

It is next insisted that the court erred in overruling appellant's motion to strike the allegation from the information that defendants caused the girl's death while contributing to her delinquency. We cannot agree with appellant's contention that there is an absence of proof that he contributed to the girl's delinquency. An indictment containing a similar charge was approved in *Parsons* v. *State,* 212 Ark. 371, 205 S. W. 2d 860.

The trial court overruled appellant's challenge of the prospective juror Pettingill for cause and he was peremptorily challenged by appellant. The record does not disclose whether appellant exhausted his peremptory challenges and the assignment of error in the motion for

new trial does not so allege. We have held that where the record fails to show that the defendant exhausted his peremptory challenges, the objection is unavailing in the appellate court. *Mabry* v. *State,* 50 Ark. 492, 8 S. W. 823; *Smith* v. *State,* 205 Ark. 833, 170 S. W. 2d 1001. Moreover, the *voir dire* examination of Pettingill does not warrant the conclusion that he was disqualified. He apparently waived his exemption from jury service on account of his profession as a minister. He was a friend of the deceased's father and also was acquainted with appellant's father but stated that he would not be embarrassed by these relationships and would try the case solely on the law and evidence. He had talked to a young man who was present when the girl's body was removed to a doctor's office, but the nature of such conversation was not disclosed and the person talked to was not a witness in the case. He had no conviction concerning the guilt or innocence of the appellant but stated that there might be proof that would cause him to recall the previous conversation with the young man.

Error is also urged in the admission in evidence of two photographs of the deceased. The photographs were taken where the body, which was lying face down, was found but after it had been turned over. The pictures reveal the nature of the bruises and abrasions on the girl's forehead, nose and chin. We have repeatedly held such photographs admissible to show the character and nature of the wounds inflicted on the deceased. *Nicholas* v. *State,* 182 Ark. 309, 31 S. W. 2d 527; *Higdon* v. *State,* 213 Ark. 881, 213 S. W. 2d 621. The fact that appellant was convicted of the lowest degree of homicide demonstrates that the photographs were not of such nature as to inflame the passions of the jury. *Garrett* v. *State,* 171 Ark. 297, 284 S. W. 734.

Appellant next contends that prejudicial error resulted in the admission in evidence of his statements and written confession. It is argued that the written statement was taken in violation of the due process clauses of the state and federal constitutions in that it was procured while appellant was in jail under arrest without a war-

rant, before he had been taken before a magistrate and without being advised of his constitutional rights. The sheriff testified that appellant was arrested and taken to jail about 11 o'clock on the morning after the killing and at that time freely and voluntarily detailed what happened the night before. There was no evidence of threats, promises or continuous questioning to obtain the statement which was reduced to writing two or three days later. Appellant was advised by the deputy prosecuting attorney that he did not have to make a written statement and that it might be used against him. The failure to take the accused before a magistrate or to serve a warrant of arrest prior to the making of a confession does not render it inadmissible where the jury finds it to have been made voluntarily. *State* v. *Browning*, 206 Ark. 791, 178 S. W. 2d 77; *Palmer* v. *State*, 213 Ark. 956, 214 S. W. 2d 372. The facts surrounding the confessions involved here are different from those set out in the following cases relied upon by appellant: *Watts* v. *Indiana*, 338 U. S. 49, 69 S. Ct. 1347; *Turner* v. *Pennsylvania*, 338 U. S. 62, 69 S. Ct. 1352; *Harris* v. *South Carolina*, 338 U. S. 68, 69 S. Ct. 1354. The fact that the statements were made to officers while appellant was confined under arrest was a circumstance to be considered on the question of voluntariness which was submitted to the jury under proper instructions. *State* v. *Browning, supra.*

Numerous assignments of error relate to the giving and refusal to give certain instructions. Particular objection is urged against the giving of Instructions Nos. 4, 7 and 8 requested by the state on the grounds that they are repetitious, unduly emphasize certain circumstances and are not based on any evidence. It would unduly prolong this opinion to set out and discuss each of the instructions. While there is some repetition, each instruction presents a theory relied upon by the state not included in the other and we cannot say that the recitals therein so unduly emphasize certain facts as to result in prejudicial error. The jury was warranted in concluding from the facts and circumstances in evidence that the girl met her death when she either jumped, or was thrown,

from the truck operated by appellant while he was contributing to her delinquency and attempting to have improper relations with her. These issues were submitted to the jury in the challenged instructions and the evidence is sufficient to sustain the conviction for involuntary manslaughter.

We have examined other assignments in the motion for new trial and find no prejudicial error in the record. The judgment is, therefore, affirmed.