IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 2000 Session

## MERTIS JOHNSON v. WILLIE A. STEVERSON

### Direct Appeal from the Circuit Court for Shelby County
No. 83855 T.D.     John R. McCarroll, Jr., Judge

---

### No. W1999-00627-COA-R3-CV - Decided August 30, 2000

---

This appeal arises from a dispute between Plaintiff Mertis Johnson and Defendant Willie A. Steverson regarding an automobile accident involving Ms. Johnson and Virden Steverson, Mr. Steverson's son. Ms. Johnson filed a complaint against Mr. Steverson alleging that the negligence of Virden was the cause of this accident and seeking damages for her personal injuries. At the conclusion of a jury trial on the matter, Mr. Steverson made a motion for a directed verdict, which was denied by the trial court. The jury subsequently returned a verdict in favor of Ms. Johnson and awarded her damages in the amount of $14,000.00. Mr. Steverson filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, which was also denied by the trial court. For the reasons set forth below, we affirm the ruling of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J, joined.

Douglas R. Pierce and Douglas B. Janney, III, Nashville, Tennessee, for the appellant, Willie A. Steverson.

Kendra H. Armstrong, Cordova, Tennessee, for the appellee, Mertis Johnson.

**OPINION**

At the time of the accident that is the subject of the case at bar, Mr. Steverson and his wife Geraldine Steverson were co-owners of a 1989 Cadillac. Virden, the Steverson's eighteen year old son, drove a 1973 Cadillac, which was also titled in Mr. Steverson's name. On July 3, 1995, Virden's 1973 Cadillac was in need of repair so he asked his mother for permission to use the Steversons' 1989 Cadillac to run some errands. Mrs. Steverson gave Virden permission to use the

vehicle. While running his errands, Virden was involved in an automobile accident with Ms. Johnson.

In June of 1996, Ms. Johnson filed an action in general sessions court against Mr. Steverson seeking damages for the injuries that she sustained as a result of the accident. Following an adverse ruling in general sessions court, the administrator ad litem of Mr. Steverson's estate[1] appealed the matter to circuit court and demanded a jury trial. Ms. Johnson filed an amended complaint with the circuit court naming Mr. Steverson as the only defendant in her lawsuit. The matter was heard by a jury on May 24-26, 1999. At the conclusion of the proof, the administrator ad litem of Mr. Steverson's estate made a motion for a directed verdict, which was denied by the trial court. The court then submitted the case to the jury, instructing them regarding the family purpose doctrine. The jury returned a verdict in favor of Ms. Johnson and awarded Ms. Johnson a judgment in the amount of $14,000.00. The administrator ad litem of Mr. Steverson's estate filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, which was denied by the trial court. This appeal followed.

The issues raised on appeal, as stated by Mr. Steverson, are as follows:

1.      Whether the trial court erred in not granting Appellant's motion for a directed verdict and/or motion for judgment notwithstanding the verdict, and in instructing the jury to decide whether the family purpose doctrine applies to the facts of this case.

2.      Whether, even if the family purpose doctrine does apply, the trial court's instruction on the family purpose doctrine was inadequate as a matter of law.

Additionally, Ms. Johnson raises the issue of whether she should be awarded damages because Mr. Steverson's appeal is frivolous. In ruling on a motion for a directed verdict, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party and must accept as true all facts and reasonable inferences which favor the opponent of the motion and disregard any evidence to the contrary. A directed verdict is proper only when there is no issue as to any material fact and when the evidence presented is clear and there is only one inference that a reasonable person exercising his or her own judgment can make. *See Conatser v. Clarksville Coca-Cola Bottling Co.*, 920 S.W.2d 646 (Tenn. 1995); *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993); and *Holmes v. Wilson*, 551 S.W.2d 682, 685 (Tenn. 1977).

In his motion for directed verdict and his motion for judgment notwithstanding the verdict or, alternatively, for a new trial, the administrator ad litem of Mr. Steverson's estate argued that the family purpose doctrine is inapplicable to the case at bar and, consequently, Mr. Steverson cannot be held liable for the negligence of his son Virden. Thus, as an initial matter, we must consider whether the trial court erred in denying these motions and in allowing the jury to determine the applicability of the family purpose doctrine. The family purpose doctrine is a legal doctrine under

---

[1]Mr. Steverson died in November of 1995.

which the head of a family may be held liable under the theory of respondeat superior for the negligence of another family member while operating a motor vehicle. *See Droussiotis v. Damron*, 958 S.W.2d 127, 131-32 (Tenn. Ct. App. 1997); *Gray v. Amos*, 869 S.W.2d 925, 926 (Tenn. Ct. App. 1993). In order for the family purpose doctrine to be applicable, two requirements must be met. First, the head of the household must maintain the motor vehicle for the purpose of providing pleasure or comfort to his or her family. Additionally, the driver of the vehicle must have been using the motor vehicle in furtherance of that purpose and with the permission of the owner, either expressed or implied, at the time that negligence occurred. *See Camper v. Minor*, 915 S.W.2d 437, 447 (Tenn. 1996); *Droussiotis*, 958 S.W.2d at 131; *Gray*, 869 S.W.2d at 927.

It is undisputed that, at the time of the accident, Mr. Steverson was terminally ill and physically incapacitated. Mrs. Steverson testified at trial that, because of Mr. Steverson's illness, she was the head of their household. The administrator ad litem of Mr. Steverson's estate thus argues on appeal that Ms. Johnson did not sue the head of their household and, because Mr. Steverson was not the head of their household at the time of the accident, his estate cannot be held liable under the family purpose doctrine for the negligence of Virden. We disagree. Mr. Steverson was the father of the Steversons' children and the co-owner of the 1989 Cadillac that Virden was driving on the day of the accident. As such, Mr. Steverson had both the legal and parental authority to grant or deny any request by Virden to use the vehicle. Although it is true that Mr. Steverson was suffering from an illness at the time of the accident that rendered him unable to perform most physical tasks, there is no proof in the record suggesting that Mr. Steverson was mentally impaired in any way or unable to communicate with his family. To the contrary, it is presumed that Mr. Steverson was mentally fit during this period of time because, subsequent to the accident, Mr. Steverson was transported to a car dealership where he signed the papers necessary to purchase and finance a 1988 Oldsmobile for Virden. Simply because an individual becomes physically incapacitated does not necessarily mean that the individual is stripped of his or her status as a head of his or her household. In the instant case, Mr. and Mrs. Steverson were partners in marriage, partners in the rearing of their children, and co-owners of the 1989 Cadillac. Thus, although Mrs. Steverson may have taken on extra household duties as a result of Mr. Steverson's illness, we think that both Mr. and Mrs. Steverson may be classified as a head of the their household.[2] We therefore reject the contention that Mr. Steverson was not a head of the Steverson's household at the time of the accident.

The administrator ad litem of Mr. Steverson's estate next argues that the family purpose doctrine is inapplicable to the case at bar because Mr. Steverson did not maintain the 1989 Cadillac for the purpose of providing pleasure or comfort to his family. In support of this position, he notes the undisputed fact that, each time Virden wanted to use the Steverson's 1989 Cadillac, he was required to obtain specific permission from one of his parents. In *Redding v. Barker*, 230 S.W.2d

---

[2]There are no previous Tennessee cases in which an appellate court has determined whether a family can have more than one "head of household" for purposes of the application of the family purpose doctrine. This exact issue was raised in *Droussiotis*, but the court declined to discuss the issue and decided the case on other grounds. *See Droussiotis*, 958 S.W.2d at 131.

202 (Tenn. Ct. App. 1950), this Court stated that "[t]he family purpose doctrine does not apply where the members of the family must obtain special permission on each occasion of the vehicle's use by them." *Id.* at 205. In *Harber v. Smith*, 292 S.W.2d 468 (Tenn. Ct. App. 1956), this Court quoted with approval the above language from *Redding*. *See id.* at 470-71. In *Driver v. Smith*, 339 S.W.2d 135 (Tenn. Ct. App. 1959), this Court held that the family purpose doctrine was applicable even though the owners of the vehicle required their daughter to obtain special permission each time she used the vehicle. *See id.* at 139. In reaching this conclusion, this Court distinguished *Redding* and *Harber* as follows:

> However, a study of these two cases indicates to us that the language quoted above is broader than the facts of the two cases would justify. In the case of Redding v. Barker, supra, the vehicle involved in the collision was a one and one-half ton truck driven by the 20-year old son of the defendant owner and accompanied by another son of the owner of the truck. The two boys were returning home from Jackson, Tennessee, where they had attended a picture show. The opinion of Judge Anderson discussed the cases involving the Family Purpose Doctrine in Tennessee and then made a finding that the car was not being furnished by the owner for the convenience of his family and hence, the Family Purpose Doctrine did not apply.
>
> . . . .
>
> In the case of Harber v. Smith, supra, the son was driving his father's car with special permission while on leave from the army. The proof was that when the son had lived at home he kept the key to the car and drove his father back and forth to work and occasionally used the automobile with the special permission of his father for his personal use. The court held that the Family Purpose Doctrine did not apply.
>
> . . . .
>
> In our opinion, the . . . cases above referred to are readily and clearly distinguishable from the case at bar in that in each of these . . . cases the higher court found as a fact that the owner of the vehicle involved in the accident had not furnished the same for the convenience and pleasure of his family; whereas in the present case Mr. Driver unequivocally testified that he furnished the car for the use and convenience of the members of his family including his teen-age daughter, Gayle Driver. Thus it clearly appears that the requirement of Mr. and Mrs. Driver that their daughter, Gayle, have special permission each time she used the automobile had no bearing on the purpose for which the car was kept and furnished but related only to their general parental supervision of a teen-age daughter which is certainly commendable. Therefore, we hold that the Family Purpose Doctrine is applicable to the present case.

*Id.* at 137-39. More recently in *Gray*, this Court, relying on *Redding* and *Harber*, again commented that the family purpose doctrine is inapplicable when the driver of the vehicle is required to obtain special permission on each occasion that he or she uses the vehicle. *See Gray*, 869 S.W.2d at 926. This Court did not, however, discuss or attempt to distinguish its earlier ruling in *Driver.* Furthermore, the driver of the vehicle in *Gray* was not required to seek permission before using his father's vehicle. *See id.* at 927. Thus, the above comment made by this Court in *Gray* is merely dicta in that it did not have any effect on the ultimate conclusion of the case. We therefore conclude that the correct statement of the law in Tennessee with respect to this matter, as developed in *Redding*, *Harber*, and *Driver*, is that although the fact that the driver must obtain special permission may suggest that the vehicle is not maintained by the owner for the pleasure and comfort of the owner's family, this fact is not conclusive and does not necessarily preclude the application of the family purpose doctrine.[3]

With respect to his argument that Mr. Steverson did furnish or maintain the 1989 Cadillac for the purpose of providing pleasure or comfort to his family, the administrator ad litem of Mr. Steverson's estate also contends that this vehicle was maintained for the use of Mrs. Steverson and not for the use of the entire family. Mrs. Steverson testified that when she and Mr. Steverson purchased the 1989 Cadillac, it was intended only for their use but, by the time of the accident, Virden was using the car with their permission approximately one time per week. Virden also testified that he drove the 1989 Cadillac approximately one time per week. Thus, there is evidence in the case at bar supporting the conclusion that the 1989 Cadillac was maintained solely for Mrs. Steverson's use, as well as the conclusion that this vehicle was maintained for use by the entire Steverson family. Under such circumstances, it was for the trier of fact to determine whether the 1989 Cadillac was a family purpose vehicle. We therefore conclude that the trial court appropriately denied the administrator's motion for a directed verdict and submitted the matter to the jury. Likewise, we conclude that the court properly denied the administrator's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial.

Finally, the administrator ad litem of Mr. Steverson's estate contends that the instruction given to the jury by the trial court was inadequate as a matter of law. When reviewing jury

---

[3]Our conclusion is consistent with the Comment to Section 12.42 of the Tennessee Pattern Jury Instructions, which states in pertinent part as follows:

> If the driver is required to obtain specific permission for each use, it may be less likely that the vehicle is maintained as a family purpose vehicle, in which case the owner will not be liable unless the driver is found to be the owner's agent, servant or employee under other principles of respondeat superior. . . . The requiring of specific permission for each use, however, does not necessarily make the family purpose doctrine inapplicable. In *Driver v. Smith*, 47 Tenn. App. 505, 339 S.W.2d 135, 139 (1959), the Court held the doctrine applicable, noting that the parents' requirement that their daughter "have special permission each time she used the automobile had no bearing on the purpose for which the car was kept and furnished but related only to their general parental supervision of a teenage daughter . . ."

T.P.I.— CIVIL 12.42 cmt.

instructions, this Court must examine the challenged portion in the context of the entire instruction. *See, e.g., Hunter v. Burke*, 958 S.W.2d 751, 756 (Tenn. Ct. App. 1997). If the instruction fairly defines the legal issues of the case and does not mislead the jury, the instruction will be upheld on appeal. *See, e.g., id.* With respect to the family purpose doctrine, the court in the case at bar instructed the jury as follows:

> As I said before, the first issue you have to decide is whether or not the Family Purpose Doctrine applies to this case. The plaintiff claims that the defendant, that is the estate of Willie Steverson, is resposible for any fault of Virden Steverson under the Family Purpose Doctrine. The defendant, the estate of Willie Steverson, denied such responsibility.
>
> The Family Purpose Doctrine applies when one, a member of a family furnished a motor vehicle for the general use, pleasure, and convenience of the family; and two, a person furnishing the vehicle gave specific or general consent or permission, either express or implied, for a member or for members of the family to use it for that family purpose; and three, at the time of the accident, the member of the family was driving the vehicle in connection with a family purpose.[4]

The administrator ad litem of Mr. Steverson's estate complains on appeal that the court should have substituted the words "the head of the household" for the words "a member of a family" in the instruction that was given to the jury. In an earlier portion of this opinion, we concluded that Mr. Steverson was, in fact, a head of the Steverson household. Thus, even if the court had instructed the jury that the family purpose doctrine applies only when a head of the household furnished a vehicle for the use of his or her family, this instruction would not have altered the ultimate conclusion reached by the jury. Assuming, then, that the trial court erred in using the words "a member of a family" rather than the words "the head of the household" in the instruction, we conclude that this error was harmless.

Ms. Johnson seeks damages pursuant to section 27-1-122 of the Tennessee Code Annotated, which provides that "[w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal." Tenn. Code Ann. § 27-1-122 (1980). We do not think that this appeal is frivolous or taken solely for delay. Thus, in our discretion, we deny Ms. Johnson's request for damages under section 27-1-122.

---

[4]The instruction given to the jury regarding the family purpose doctrine is identical to Section 12.42 of the Tennessee Pattern Jury Instruction. *See* T.P.I.— CIVIL 12.42.

-6-

Based on the foregoing, the ruling of the trial court is in all respects affirmed. The costs of this appeal are assessed to the estate of Willie Steverson and its surety, for which execution may issue if necessary.

 

_____
DAVID R. FARMER, JUDGE