THE STATE v. WILLIAM C. BOWMAN, Appellant.

Division Two, December 4, 1917.

1. **STATUTORY RAPE: Proof of Force: Not Charged.** The offense denounced by the statute is the unlawful act of sexual intercourse with a female under fifteen years of age, and if force is used in accomplishing the crime, that is a mere immaterial incident, and therefore proof that the act was accomplished by force and against prosecutrix's consent, though force is not charged in the information, is not error.

2. ———: **Sufficiency of Evidence: No Proof of Force.** Because the testimony of prosecutrix is incredible in one particular, it does not follow that it is incredible in all particulars. Where prosecutrix, under fifteen years of age at the time of the act of sexual intercourse, testified that it was accomplished by force, and defendant denied that it was accomplished at all, the jury may convict, although the evidence is too weak to establish forcible ravish-

ment, if her testimony as to the main fact of carnal knowledge is clear and is corroborated by other circumstances.

3. **PHYSICIAN'S ACCOUNT BOOK: Evidence in Independent Criminal Action: Age of Prosecutrix.** The book of a physician, who attended prosecutrix's mother at the time of her birth in another State and made an entry of the charge upon his book, showing the purpose of his visit and the date, and who testifies that he has independent recollection of the occurrence aside from the entry in the book and is certain of the date after having refreshed his memory from the book, is, as a book of account, competent evidence, in a prosecution for statutory rape, of the age of prosecutrix, although the book does not show that the charge was paid. Not only should the physician himself, after refreshing his memory from the book, be permitted to testify, but his book is competent evidence to show the date of prosecutrix's birth.

4. **DEFENDANT AS WITNESS: Cross-Examination As to Extrinsic Occurrences.** In a prosecution for statutory rape, where defendant had testified in his direct examination only as to what occurred on the night the crime is charged to have been committed, it was error for the State to ask him on cross-examination if he had not at previous times been guilty of criminal intimacy with another girl who on that night accompanied him and prosecutrix in the automobile, although he answered in the affirmative and was made to give the time and place, since the cross-examination was entirely outside the scope of the direct examination.

5. **EVIDENCE: Similar Offenses: Intent.** In a prosecution of a defendant for statutory rape, a written extra-judicial admission made by defendant that he had been guilty of criminal intimacy with another girl, is not admissible for the purpose of showing the intent with which defendant committed the act of sexual intercourse with prosecutrix.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

REVERSED AND REMANDED.

*Patrick T. O'Hern, Clarence Wofford* and *Bert S. Kimbrell* for appellant.

(1) The defendant being charged with rape upon Eva Frampton, it was error for the trial court to admit evidence of an act or acts of intercourse by defendant with Clara Parker, or of statements or admissions by defendant with reference thereto. State v.

Smith, 250 Mo. 274; State v. Teeter, 239 Mo. 475; State v. Vandiver, 149 Mo. 502; State v. Banks, 258 Mo. 479; State v. Phillips, 233 Mo. 299; State v. Hyde, 234 Mo. 200; State v. Horton, 247 Mo. 657. (2) The court erred in permitting the defendant to be cross-examined with reference to matters and things not mentioned or touched upon in his examination in chief. Sec. 5242, R. S. 1909; State v. Burgess, 259 Mo. 383; State v. Swearengin, 190 S. W. 268; State v. Kinney, 190 S. W. 306; State v. Pfeifer, 267 Mo. 23; State v. Goodwin, 195 S. W. 725. (3) The court erred in permitting the day book and ledger of Dr. Janes to be introduced in evidence and read to and examined by the jury. Childress v. Cutter, 16 Mo. 24; Morrissey v. Ferry Co., 47 Mo. 521; State v. Hamilton, 263 Mo. 298. (4) The court erred in permitting the State to introduce evidence showing that the alleged act of intercourse was committed forcibly and against the will of the prosecutrix, there being no allegation in the information that the act was committed forcibly and against the will of prosecutrix. Sec. 22, Art. 2, Constitution. (5) The court erred in refusing to instruct the jury to find the defendant not guilty at the close of all the evidence as requested by defendant, for the reason that the evidence is not sufficient to sustain the verdict. State v. Patrick, 107 Mo. 147; State v. Goodale, 210 Mo. 275; State v. Tevis, 234 Mo. 276; State v. Donnington, 246 Mo. 343; State v. Lawhorn, 250 Mo. 293.

*Frank W. McAllister*, Attorney-General, and *E. M. Conner*, Assistant Attorney-General, for the State.

(1) The trial court did not commit error in allowing the State to admit evidence of acts of intercourse of the defendant with Clara Parker and statements or admissions by the defendant with reference thereto. This was allowable to show the intent or motive of defendant. State v. Thornhill, 174 Mo. 370; State v. McLaughlin, 149 Mo. 19; State v. Bailey. 190 Mo. 279; State v. Sarony, 95 Mo. 349; State v. Turley,

142 Mo. 403; State v. Phillips, 160 Mo. 503; State v. Franke, 159 Mo. 535; State v. Pennington, 124 Mo. 383; State v. Minton, 116 Mo. 605; State v. Williamson, 106 Mo. 162; State v. Toohey, 203 Mo. 678; State v. Spaugh, 200 Mo. 594; State v. Bailey, 190 Mo. 279; State v. Bolch, 136 Mo. 103; State v. Cooper, 85 Mo. 256; State v. Bayne, 88 Mo. 604; State v. Myers, 82 Mo. 558; State v. Hodges, 144 Mo. 50; People v. Molineux, 168 N. Y. 293, 62 L. R. A. 329-335; Goresen v. Commonwealth, 99 Pa. St. 398; Commonwealth v. Robinson, 146 Mass. 577; Commonwealth v. Snell, 189 Mass. 22; Hawes v. State, 88 Ala. 37; Higgins v. State, 157 Ind. 57; People v. Harris, 136 N. Y. 423; Zoldoski v. State, 82 Wis. 580; Wheeler v. State, 23 Tex. App. 598; Shaffner v. Commonwealth, 72 Pa. St. 60; Wharton's American Criminal Laws (6 Ed.), sec. 649; 3 Greenleaf on Evidence, sec. 15; Stevens, Digest of Evidence, arts. 11, 12; People v. Zucker, 154 N. Y. 770; Regina v. Cotton, 12 Cox's C. C. 400; Regina v. Geering, 18 L. J. Maj. Cas. 215; Regina v. Heesom, 14 Cox's C. C. 40; Gossenheimer v. State, 52 Ala. 313; Hobbs v. State, 75 Ala. 1. Admissions and statements of the accused are always admissible against him when freely and voluntarily made. State v. Barrington, 198 Mo. 109; State v. Spaugh, 200 Mo. 596; State v. Daly, 210 Mo. 664; State v. Green, 229 Mo. 650. (2) The court did not err in permitting the defendant to be cross-examined with reference to acts of intercourse by the defendant with Clara Parker and with reference to admissions or statements made by the defendant concerning such acts of intercourse. Authorities under point one; also: State v. Barrington, 198 Mo. 85; State v. Mills, 156 Mo. 85; State v. Feeley, 194 Mo. 315; State v. Eishenhour, 132 Mo. 148; State v. Harvey, 131 Mo. 345; State v. Keener, 225 Mo. 499. (3) The court did not err in permitting the day book and ledger to be introduced in evidence and read and examined by the jury. 33 Cyc. 1473; Neill v. State, 49 Tex. Crim. App. 219; People v. Vann, 129 Cal. 118; 10 R. C. L. secs. 63, 341, 343, 350, 372; Note to 69 L. R. A. 475. (4) The court committed

no error in allowing the State to show that the alleged act of intercourse was committed by force and against the will of the prosecutrix. State v. Ernest, 150 Mo. 347; State v. Allen, 174 Mo. 689.

WHITE, C.—Defendant appeals from a conviction of statutory rape. The offense was alleged to have been committed upon one Eva Frampton, a girl under the age of fifteen years, during a ''joy ride'' in defendant's automobile.

The defendant challenges the evidence as being insufficient to warrant a verdict of guilty.

Two other persons, Robert L. Moore, a man 33 years of age, and Clara Parker, a girl apparently older than the prosecutrix, were also in the automobile during the ride. Neither Clara Parker nor Moore testified in the case, although it appears from the record that Clara was in the court room at the time, and Moore was under arrest for the same offense against Eva Frampton as that with which defendant was charged. The girl and the defendant were the only witnesses who presented direct testimony as to what occurred.

Some important facts are undisputed. Eva Frampton's mother, who had separated from her husband when Eva was an infant, had recently moved from Wellsville, Kansas, to Kansas City. Eva had been an inmate of the House of the Good Shepherd and, only a short time before the joy ride, had come to live with her mother at the latter's home in Kansas City. While at the House of the Good Shepherd she had made the acquaintance of Clara Parker. After coming to her mother in Kansas City, some time in May, 1915, while on an errand for her mother, Eva met Clara on the street and was invited by the latter to take an automobile ride that afternoon. Later the two met by appointment at Fourteenth Street and Broadway, and after waiting a few minutes the defendant, Bowman, and Moore came along in Bowman's ''Hudson Six.'' The two girls got in the rear seat, the two men sitting in front, and the joy ride began at about 3:30 in the afternoon.

The defendant was a married man forty-six years of age, had several children and ran a prosperous restaurant. He had several hundred dollars on his person at the time and paid the expense of the escapade. Eva had never seen either of the two men before, and Bowman, who had made the appointment for the ride with Clara Parker, did not know that Eva was to accompany them.

They drove a few blocks when the four got out and entered a side room or hall adjacent a saloon, where they took several rounds of whiskey. They then proceeded to another place, the precise nature of which does not appear, where they again went in and took drinks. They stopped at several saloons where drinks of whiskey, beer and cocktail were brought out to them by Moore. Besides, they took along bottles of whiskey and prepared cocktails of which they partook as they rode They finally turned the automobile toward Independence, all of them being more or less drunk. The two men had been drinking before they met the girls. After the visit to the first saloon Clara Parker got in the front seat with defendant, and Moore sat behind with the Frampton girl. The party arrived at Independence before dark and stopped at the home of Mrs. Yetter, Moore's mother, where they all went in and remained for a few minutes. When they continued their ride Mrs. Yetter and her husband accompanied them in the car. They had not been driving long until the car got stuck in the mud. Mrs. Yetter and her husband then left the automobile, intercepted a passing buggy and left for home in it. The four joy-riders remained in the car and, after repeated efforts to extricate it from the mud, it was finally dislodged and started on the return journey to Kansas City, where it arrived at three o'clock in the morning. It had been in the mud several hours. After the car had been in the mud for some time Clara Parker left it, probably going to a street car. Eva was left alone with the two men. During the ride and particularly after the car was stalled, "improper familiarities," as defendant's counsel expresses it, were indulged in by the joy-riders, but defendant claims the crime charged was not committed by him.

When the car was driven back to Kansas City, Moore got out at an ice plant where he was employed, and defendant drove on with Eva Frampton, left her at a hotel and gave her two dollars to pay for her lodging. She remained there the remainder of that night, the next day, and the following night, and then was taken home by a man staying in the hotel. When she reached home the family and the police were excited about her disappearance, and the defendant was already under arrest.

In the facts as above stated, as well as in many unimportant details of the ride, the defendant and the prosecutrix are in substantial agreement.

There was a sharp conflict in the evidence as to the girl's age. Eva asserted that she was forcibly ravished by both men, by Moore while on the way to Independence, and again after the car became stalled, and by Bowman after Clara Parker left the automobile. The defendant stoutly denied that he committed the act or even attempted any familiarities with the prosecutrix. He said he attempted the act with Clara Parker, but was too drunk to accomplish his purpose. Certain it was, according to the testimony of Eva, as well as of himself, that he was drunk, sick and vomiting a good deal of the time. Defendant also said the reason he took Eva to the hotel was because she was afraid to go home and refused to go.

I. The appellant complains of error by the trial court in permitting the State to prove that the act of carnal intercourse with the prosecutrix was committed forcibly and against her consent, because the information

Force. failed to allege force, and for that reason the defendant was not advised by the allegation of the charge he was required to meet. The rulings are against that position. The unlawful act committed upon a female under fifteen years of age constitutes the offense. The additional element of force in accomplishing the crime is an immaterial incident. It does not change the nature of the offense as defined by the statute, and a failure to allege it cannot mislead a defendant as to what he must defend against. [State v. Knock, 142 Mo. 515, l. c. 522, 525; State v. Hamey, 168 Mo. 167, l. c. 197-9.]

272 Mo.—32

II. Appellant makes the further point in this connection that a verdict of acquittal should have been directed under the evidence. The argument is that Sufficient Evidence Though No Force Is Shown. the prosecutrix asserted the act of intercourse was accomplished by force; while the defendant denied the act altogether; therefore, a forcible act was the only one sworn to and if there was no force there was no unlawful act. It is further urged that the evidence must be weighed and considered in the light of rulings of this court in cases of forcible rape. Appellant then points out many circumstances shown by the evidence which indicates force could not have been used, and concludes that there being manifestly an absence of force the crime was not committed. The point is ingeniously and finely drawn. Because the testimony of the prosecuting witness is incredible in one particular, it does not follow that she testified falsely in all particulars. The jury well might have believed the unlawful act was committed without believing her statement that force was used. Her testimony as to the facts was very clear and circumstantial, and was corroborated by other circumstances. It was, we think, sufficient to take the issue to the jury. The court has sustained verdicts of guilt in cases of this character where the prosecutrix asserted force was used where the defendant denied the guilty act, and the evidence of force was as weak as it is here. [State v. Taylor, 267 Mo. 41, l. c. 48; State v. Allen, 174 Mo. 689.]

III. There was a conflict of evidence as to the age of the girl, Eva Frampton, at the time of the alleged offense. Physician's Account Book. The defense offered evidence tending to show that she was a few months over the age of fifteen years. On the part of the State one Dr. Janes was introduced and testified that he attended her mother at the time of her birth and made an entry upon his charge book of the date, November 9, 1900, showing the purpose of his visit at that date. This book was offered and admitted in evidence. Dr. Janes also testified that he had an independent recollection of the occurrence, aside from the entry upon the book, and

was certain of the date after having refreshed his memory from the book. The introduction of this book is assigned as error. It was objected to on the ground that no statute of Kansas, where the occurrence took place, was offered making such an entry admissible. It was not offered, however, as evidence made competent by statute, but as a book of account, competent at common law.

It was the English rule, and it has been said in some jurisdictions of this country to be the general rule, that account books kept by third persons and not intended to be accounts of transactions between the parties litigant, are *res inter alios acta* and not admissible in evidence. However, that rule has not been adhered to in many of the States, including this State. Many cases can be cited where books of third persons, not parties to nor interested in the litigation, are admissible in evidence. Such, for instance, as the books of a bank to show the state of a litigant's account at a certain time. [Jordan v. Osgood, 109 Mass. 457; Culver, Admr., v. Marks, 122 Ind. 554, 1. c. 563; Anderson v. Edwards, 123 Mass. 273.] Unofficial entries made by a surveyor are admissible in evidence, independent of any statute. [Le Bourgeoise v. Blank, 8 Mo. App. 1. c. 441; Williamson v. Fischer, 50 Mo. 198.] The record of a telegraph company showing a telegram sent, has been held admissible in an action between third persons. [St. L. S. W. Ry. Co. v. Sewing Machine Co., 78 Ark. 1; 8 Am. & Eng. Ann. C. 208; Manchester Assurance Co. v. Oregon R. R. & Navigation Co., 69 L. R. A. 475, 1. c. 478.] Other entries of third persons and books kept by such third persons, when relevant to the issues between parties litigant, have been held admissible in various civil as well as in criminal cases. [State v. Brady, 36 L. R. A. (Iowa) 693, 1. c. 696; Williams v. Geaves, 34 Eng. C. L. 541; C. & N. W. Ry. Co. v. Ingersoll, 65 Ill. 399.]

The entry made by a physician upon his book showing the date of his attendance upon a patient and the complaint of which the patient was suffering, has been held admissible between third parties, in criminal and in civil cases. [Arms v. Middleton, 23 Barb. 571, 1. c. 574; Morrow v. State, 120 S. W. (Tex.) 491.] The question came before this court in case of Knapp v. Trust Co., 199 Mo.

640, l. c. 669-70. That was an action to contest a will, and the book of a physician, who was dead at the time, showing attendance upon the testatrix, the complaint from which she was suffering and his charge for the visit, together with his notation showing payment of the charge, were held admissible in evidence upon the question of mental capacity. This court held the evidence properly admitted on the ground that it was an entry by the physician against his interest, inasmuch as it showed payment of an account; and, inasmuch as the part showing payment was admitted, the entire entry was held admissible. The inference might be from that case that the entry would not be admissible unless the part showing the payment had been entered. In the case of State v. Palmberg, 199 Mo. 233, l. c. 253, where the defendant was charged with the same offense as is charged here, the age of the girl was at issue and the physician who attended her mother at her birth testified to the fact and the date by refreshing his memory from a minute made in a memorandum book at the time. His testimony was held admissible.

In the present action Dr. Janes not only identified his book and the entries made at the time of the occurrence, but stated that he had an independent recollection of the matter and knew the prosecuting witness. No entry was made showing payment of his bill, such as was shown in the Knapp case. We can see no reason why an entry of payment should make any difference as to the admissibility of the other entry showing the date of the visit and its purpose, the physician who made it having no interest whatever in the matter under investigation. Under the authorities cited we think that not only the physician himself was properly permitted to testify, after refreshing his memory from the book, but that his book was competent evidence for the purpose for which it was offered—to show the date of the birth of Eva Frampton.

IV. The defendant was sworn as a witness in his own behalf and in cross-examination the State's attorney asked him if he had not at previous times been guilty of criminal intimacy with Clara Parker. He answered in the affirmative, and was

Cross-Examination of Defendant.

made to give the time and place of such occurrences. This was objected to on the part of defendant's counsel and exceptions saved to the ruling of the court in admitting it in evidence.

In direct examination the defendant testified only to what occurred during the progress of the automobile ride on the night on which the crime is said to have been committed, so that this cross-examination was entirely outside the scope of the examination in chief, and reversible error under numerous authorities construing section 5242, Revised Statutes 1909. [State v. Swearengin, 269 Mo. 177, l. c. 185; State v. Burgess, 259 Mo. 383, l. c. 397; State v. Pfeifer, 267 Mo. 23, l. c. 30; State v. Goodwin, 271 Mo. 73, l. c. 81; State v. Smith, 250 Mo. 274.]

V. The State offered in evidence a written statement made by the defendant at the time he was arrested, to show that on previous occasions he had been guilty of criminal intimacy with Clara Parker. This was objected to by defendant and exceptions saved to the admission of the evidence. This, likewise, was reversible error. In discussing this point both the State's counsel and counsel for defendant treated it as an evidence of an independent crime similar to the one charged in the information. It is a rule that such evidence is inadmissible, subject, however, to certain exceptions. Counsel for the State enumerate these exceptions without pointing out specifically the exception under which this evidence would come. The evidence shows no association or connection with the crime charged, and we presume it is offered on the theory that it showed the intent with which the act was committed—the reason usually offered for the introduction of such testimony. The proof of crimes committed by a defendant, similar to that for which he is on trial, for the purpose of showing the intent, is admitted in certain classes of cases, but such evidence is held inadmissible in cases of the character of this one. [State v. Smith, 250 Mo. 274; State v. Teeter, 239 Mo. 475, l. c. 485.]

*Similar Offenses: Intent.*

For the errors noted, the judgment is reversed and the case remanded.

*Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court. All the judges concur.