STATE of Missouri, Respondent,

v.

Roscoe ATKINSON, Appellant.

No. 44572.

Supreme Court of Missouri.

Division No. 2.

Dec. 12, 1955.

Motion for Rehearing or for Transfer to Court en Banc Denied Jan. 9, 1956.

E. V. Kell, West Plains, John A. Johnson, Ellington, Rogers & Rogers, G. W. Rogers, Clyde Rogers, Gainesville, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

LEEDY, Judge.

Appellant Roscoe Atkinson (hereinafter referred to as defendant) was indicted in Howell County for an offense allegedly there committed on or about August 6, 1953. Upon his application for a change of venue, the case was transferred to the Circuit Court of Oregon County where, upon trial, the jury returned a verdict of guilty, and fixed his punishment at imprisonment in the penitentiary for a term of two years. Judgment was entered, and sentence pronounced accordingly, from which this appeal was taken after an unavailing motion for a new trial.

The charging portion of the indictment is, in substance, that defendant did "unlawfully, feloniously, lewdly and wickedly take indecent liberties" with a certain named "minor boy of the age of thirteen years by then and there wickedly, lewdly and feloniously" copulating sexually with said minor, both per os and per anum, the manner of the commission of such unnatural and perverted acts being fully particularized and set forth. It thus appears that the "indecent liberties" charged against defendant consist of acts of sodomy.

Section 563.160 RSMo 1949, V.A.M.S. reads as follows: "Any person who in the presence of any minor, shall indulge in any

degrading, lewd, immoral or vicious habits or practices; or who shall take indecent or improper liberties with such minor; or who shall publicly expose his or her person to such minor in an obscene or indecent manner; or who shall by language, sign or touching such minor, suggest or refer to any immoral, lewd, lascivious or indecent act, or who shall detain or divert such minor with intent to perpetrate any of the aforesaid acts, shall be considered as annoying or molesting said minor and shall upon conviction be punished by imprisonment in the penitentiary for a period not exceeding five years, or be punished by imprisonment in the county jail for a period not exceeding one year, or be fined in a sum not to exceed five hundred dollars or by both such fine and imprisonment." We have been unable to find a counterpart of this statute. It is broader than any of the several similar statutes we have examined. Indeed, this enactment seems to have borrowed the language of some of its provisions from a somewhat similar statute in one state, and others from another, and so on, but without incorporating one or more features which are common to substantially all of such foreign statutes, the result being that ours is not a composite of the other statutes, and it is unlike any of the several from which it has been adapted.

■ Instead of protecting minors as a class, as ours does, most of the other statutes have specific age limitations applicable either to the person offended against, or the person offending, or both, and require a specific intent as well. For example: In California, the words of the statute are, "a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child," Penal Code, § 288; and in North Dakota, "any child" § 9562a, Comp.Laws Supp.1925, which has been held to mean any human being under the age of 18 years, State v. Flath, 59 N.D. 121, 228 N.W. 847; in the District of Columbia, "any child of either sex, under the age of sixteen years" (with the same intent as specified in the California Act), D.C. Code Ann. § 22–3501. The Oklahoma statute 21 O.S.1951 § 1123, is directed against lewd or indecent proposals or acts by an adult as to a child under 14. Our statute is to be further differentiated from the others in that it does not purport to exclude from its operation acts constituting other offenses (as do all of those we have mentioned above), particularly such felonies as sodomy, rape, etc. Apparently none of the Missouri cases arising under this statute, and heretofore decided, with the single exception of State v. Chittim, Mo., 261 S.W. 2d 79, 80, involved acts which in and of themselves amounted to the commission of another felony. The conviction in the Chittim case was reversed for error in an instruction, but the question of whether the facts brought the case within the purview of the very section under which the prosecution was brought, § 563.160, was expressly reserved "until it is directly raised and briefed." If rape and sodomy are comprehended within the terms of § 563.160, then it would seem that for all practical purposes the punishment for those offenses will have been reduced where the victim is a minor, but, on the other hand, it could well be argued that the age of consent will have been increased, perhaps to 21 years. Whether such was the legislative intent would seem to be extremely doubtful, and in the absence of briefs and argument on the question, we feel constrained to again reserve the question, but call attention to the hiatus.

In view of the foregoing as well as the disposition we find it necessary to make of the case, we do not pass on the state's suggestion that "the indictment contains but one charge, that of sodomy." If this be true, it would be necessary to disregard a very substantial portion of the indictment as surplusage. In passing, we note the punishment authorized by the instructions was that prescribed for molesting a minor, and not that for sodomy. The jury found defendant "guilty as charged," thus introducing further confusion if the state's theory, just noticed, be correct. For present purposes, it is sufficient to say that if acts of sodomy, when committed upon or with a minor, are to be regarded as mere indecent

liberties, and hence constitute the offense of molestation under § 563.160, then the ground of the "motion to quash" because the indictment charges or attempts to charge in one count molestation of a minor and also sodomy, one a felony and the other a graded or mixed felony, was properly overruled.

■■ The other ground of the so-called "motion to quash" (a pleading expressly abolished by Rule 25.05, 42 V.A.M.S., but which in this instance we treat as a motion to dismiss) was that the indictment was not "signed by the foreman of the grand jury", as required by Rule 24.01. This objection is based on the circumstance that in returning the indictment the practice formerly obtaining under § 545.040 was followed; that is, the foreman endorsed it " 'a true bill' " with his name signed thereto. That section has been supplanted by Rule 24.01 which provides that in addition to being signed by the prosecuting attorney, "the indictment shall also be signed by the foreman of the grand jury." The endorsement and signature in question appear on the face of the instrument immediately below the signature of the prosecuting attorney, but on the left side and near the bottom. The foreman's signature was nonetheless a signing of the indictment notwithstanding the presence of the words " 'a true bill' " immediately preceding it. The objection is not tenable.

■ The point is made that the Oregon Circuit Court was without jurisdiction because the application for a change of venue, filed in the Circuit Court of Howell County, was directed also against the inhabitants of Oregon County. The court sustained the application insofar as it related to Howell County, but overruled it as to Oregon County because of want of notice as to the latter county. After transfer of the case to the latter county, defendant submitted himself to the jurisdiction of the circuit court thereof by first seeking and obtaining a continuance, then by disqualifying the regular judge, in whose place Hon. Randolph Weber, Judge of the 33rd Judicial Circuit, was called to try the case. At the time appointed for such trial, defendant's counsel, still without having filed a motion to remand the case to Howell County, orally suggested that the Oregon Circuit Court was without jurisdiction for the reason above stated. The court then heard evidence on the question raised by such suggestion, which evidence warranted the finding that whereas the state had waived previous notice of such application for a change of venue insofar as the same related to the alleged prejudice of the inhabitants of Howell County, there had been no notice, nor waiver thereof, as to the alleged prejudice of the inhabitants of Oregon County. In this situation, and as regards Oregon County, the notice requirements of § 545.490 had not been met, so that the venue of the case was properly awarded to such county.

No useful purpose would be served by setting forth the sordid and disgusting facts upon which the verdict rests because the sufficiency of the evidence to sustain a conviction for either the offense of molesting a minor or that of sodomy is not, nor could it be successfully, challenged. The minor in question testified at length as to the facts whereon the charge was founded, and he was corroborated by another boy who slept in the same room. The credibility of the witnesses was for the jury, a question now resolved by the verdict. We shall refer to only such portions of the evidence as are necessary to an understanding of the particular point to which the same relates.

Defendant makes the point that the court erred in admitting evidence of similar offenses between defendant and a person other than the prosecuting witness. In view of the contention of the state, it is necessary to notice the circumstances under which such challenged evidence was admitted. As part of its case in chief the state called a 15-year-old boy who, like "X," the prosecuting witness, had been in defendant's employ. This witness detailed a conversation he claimed to have had with defendant sometime between August and October, 1953, in which defendant stated he had committed with or upon the prosecuting witness the kind of unnatural and perverted acts testified to by such prosecuting witness;

that is, sodomy per os and sodomy per anum. The witness was then permitted to state, "He [defendant] told me he would do that to me." Upon the overruling of defendant's motion to strike the foregoing, the witness repeated such statement, and stated that defendant had made it "about four times" on different occasions.

On cross-examination after questions touching his employment with defendant, his acquaintance with another boy (a witness in the case), and as to whether he had stated or testified on a prior occasion that he and defendant and the prosecuting witness had never talked over together "about doing that," the witness was asked, "He [defendant] just up and told you that he and 'X' had done this?" to which witness replied, "Yes, sir, whenever we was riding in the car he tried to do it to me, he began telling me that 'X,' he said they ride in the car and he tried to do it to me, he said he had sexual relations with 'X'." The witness admitted that his feelings toward the defendant were bad; that defendant had accused him of stealing a dollar which he required him to return; that on another occasion witness was "pulling off" his shoes and some money, a half dollar and a dime, fell out and he [defendant] "took it;" that witness then left and ran off; that neither his mother nor the officers who were looking for him could find him; that it was about a week later before he told anyone "about this."

On redirect examination witness was permitted to state (over defendant's objection) that the reason for his hard feelings toward defendant was because defendant had attempted to commit upon him, the witness, the same kind of acts to which the prosecuting witness had testified. The witness was further permitted to state the details as to how such attempts had been made, the preparation for which followed precisely the pattern involved in the charge then on trial.

The state does not seek to justify the admission of this evidence under any of the well-established exceptions to the general rule which excludes proof of the commission by the accused of another independent and unconnected crime. State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920, 923; State v. Buxton, 324 Mo. 78, 22 S.W.2d 635, 636; State v. Spinks, 344 Mo. 105, 125 S.W.2d 60, 64; State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, 307. Indeed, the state tacitly concedes that even in sex offense cases (where the rule has been greatly relaxed under the guise of exceptions) proof of the commission of another such offense with a person other than the prosecuting witness is generally inadmissible. Annotation 167 A.L.R. 565–628. Here the reception of the challenged evidence is sought to be sustained solely on the basis that the "testimony of previous illegal acts between the witness and defendant was elicited first by the attorney for defendant on cross-examination, and not by the prosecuting attorney," and hence "defendant cannot now complain of testimony elicited by his own attorney, and a line of examination initiated by him." This insistence is wholly untenable because directly opposed to the record. The state proceeds on the theory that on direct examination "the witness does not state that the defendant did anything to him." But this overlooks the fact that the rule of exclusion to which we have just referred extends to proof of a threat, intention or willingness on the part of an accused to commit such other crime. 22 C.J.S., Criminal Law, § 682. We can put no other construction on the direct examination than that the state itself first opened up, and was permitted to show, in violation of the rule, a threat, intention or willingness on defendant's part to commit sodomy upon the witness. Note the language—"He told me he would do that [referring to acts of sodomy with the prosecuting witness] to me," and which, as stated, was repeated, all on direct. This constituted reversible error.

While expressly recognizing that evidence of similar offenses between defendant and the prosecuting witness is generally admissible in sex offense prosecutions, defendant nevertheless complains that under State v. Chittim, supra, it was error to receive evidence of that character in the case

at bar because here "the indictment charges a certain date, and the defense is made to that charge by showing the witnesses were not there and the defendant could not have committed the offense upon the prosecuting witness." The Chittim case did not rule the question of the admissibility of evidence of other offenses. It does not appear from the opinion whether evidence of that character was or was not offered. It held nothing further than that where the case was tried on the theory that the act of intercourse charged took place on a certain date, and that issue was accepted by the defense, an instruction which permitted a conviction based on the act having been committed on such specified date " 'or at any time within three years next before the filing of the information' " [261 S.W.2d 80] was reversibly erroneous because nullifying the defense of alibi upon which defendant relied.

The other points involve questions which are not likely to recur upon another trial, and so they need not be noticed. For the error noted, the judgment is reversed and the cause remanded.

All concur.