**STATE of Missouri, Respondent,**

v.

**Roscoe ATKINSON, Appellant.**

No. 45123.

Supreme Court of Missouri.

Division No. 1.

Oct. 8, 1956.

E. V. Kell, West Plains, John A. Johnson, Ellington, Rogers & Rogers, G. W. Rogers, Clyde Rogers, Gainesville, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant, Roscoe Atkinson, was charged by indictment with committing the "detestable and abominable crime against nature" with a certain named "minor boy of the age of 15 years" by inserting his sexual organ into the mouth of said boy. This is made an offense by the provisions of Section 563.230 RSMo 1949, V.A.M.S. A jury found the defendant guilty of the offense charged (sodomy) and fixed his punishment at imprisonment in the penitentiary for two years. From the ensuing judgment and sentence he has appealed.

In this court the defendant contends that the trial court erred in (1) admitting, over defendant's objection, testimony of similar offenses between the defendant and parties other than the prosecuting witness; (2) admitting, over defendant's objection, testimony as to similar offenses committed between defendant and the prosecuting witness at times other than the date mentioned in the indictment; and (3) in not discharging the jury after the members thereof were permitted to separate without the consent of the prosecuting attorney and the defendant.

Since the defendant does not question the sufficiency of the evidence to sustain a conviction, we deem it unnecessary to narrate with particularity the loathsome occurrences that were detailed in the evidence. Such facts will be stated, however, as are necessary to an understanding of the questions presented.

The evidence offered by the State indicates that during the year 1953 defendant operated a dry goods store in Willow Springs, Missouri, and a hotel in West Plains, Missouri. His family occupied an apartment at the rear of the first floor of the hotel. However, defendant generally slept in a room adjoining the lobby, apparently so that he would be available, if needed, in connection with the operation of the hotel. The prosecuting witness worked for the defendant in the store at Willow Springs from the latter part of August until about October 8, 1953. During this time he slept with the defendant in his room at the hotel and would ride with him each morning to Willow Springs and back each evening to West Plains.

According to the testimony of the prosecuting witness the defendant, during this period, repeatedly committed with and upon him the unnatural sexual acts which constitute the crime of sodomy. Two other young boys had been employed by the defendant at various times during the year 1953 in about the same manner as was the prosecuting witness. Each of these boys testified that defendant had told them that he had committed unnatural sexual acts with the prosecuting witness. These two witnesses were further permitted, over defendant's objection, to testify that the defendant had sodomitic relations with them throughout the time they worked for him. It is this latter testimony which forms the basis of defendant's most serious contention of error in the trial under review.

It is a well-established general rule that evidence is not admissible to show that the defendant is guilty of the commission of other independent crimes, either as foundation for a separate punishment, or as aiding the proof that he is guilty of the one charged, and this is true even though they are of the same nature as the one charged in the indictment. State v. Spinks, 344 Mo. 105, 125 S.W.2d 60; State v. Bowman, 272 Mo. 491, 199 S.W. 161. There are, however, a number of exceptions to this general rule. "Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime, and it is usually competent to prove the motive, the intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the person charged with the commission of the crime on trial." 20 Am.Jur., Evidence, Section 310, page 289.

Actually, the contention here presented by defendant has already been ruled favorably to him by this court in a companion case against this same defendant, which was decided after the trial of the instant case. State v. Atkinson, Mo.Sup., 285 S.W.2d 563. In that case (involving a different prosecuting witness) all three of the boys heretofore referred to were permitted to testify to acts of sodomy committed by the defendant. The State there sought to justify the admission of the evidence on the ground that it was first elicited by the defendant on cross-examination. It was pointed out in the opinion, however, that the State had brought out, on the direct examination of these witnesses, that defendant had threatened to commit acts of sodomy upon said witnesses. This was held to be reversible error. In the instant case the acts of sodomy (not threats) were proved by the State upon the direct examination of these witnesses. If proof of threats to commit independent criminal acts is reversible error, it would necessarily follow that proof of the actual commission of these crimes would likewise require a reversal of the judgment.

In the case now under review the learned Attorney General requests that we re-examine the ruling in the Atkinson case, supra, in the light of certain arguments that were not advanced by the State in that case. In the instant case it is said that the facts call for the application of a recognized exception to the rule under consideration, i. e., that the evidence in question would tend to show that the defendant committed the crime with which he is charged. Respondent points to the fact that the evidence indicates that defendant followed substantially the same pattern in his dealings with each of these three boys.

We see nothing in the situation before us that would call for the application of any of the recognized exceptions to the rule. This is not a case where the State relied upon circumstantial evidence or where there is any question of the defendant's intent, identity, or any suggestion of accident or mistake. While defendant followed the same general pattern in dealing with these boys, the evidence did not disclose crimes that were so interrelated that proof of one would tend to establish the others.

Essentially, as we understand respondent's argument, it is sought, on the issue before us, to distinguish the instant case from other criminal cases because of the nature of the crime of sodomy. This theory is well stated in respondent's brief as follows: "So strange and unusual are the acts of homosexuality, so far outside the ordinary pattern of male conduct, that a man who is proven to have committed the act with one or more persons would certainly be deemed to be much more likely to have committed the act with yet another person, and so proof of the act with persons other than the prosecuting witness would certainly tend to prove that the act was committed between the defendant and the prosecuting witness."

Upon first consideration there would appear to be some merit in this argument. However, it would seem that the same reasoning applies when the exclusionary rule is considered in connection with other types of crimes. Moreover, the weight of authority does not support this contention. "Where sodomy is the crime charged, evidence * * * that accused committed the same offense, or had improper relations, with a person other than the one named in the indictment, is as a rule held to be inadmissible * * *." 22 C.J.S., Criminal Law, § 691, u(10), page 1170. For cases holding such evidence inadmissible, see People v. Singh, 121 Cal.App. 107, 8 P.2d 898; State v. Gregorious, 81 Utah 33, 16 P.2d 893; Abaly v. State, 163 Wis. 609, 158 N.W. 308; People v. Wyett, 49 Cal.App. 289, 193 P. 153; State v. Searle, 125 Mont. 467, 239 P.2d 995; People v. Rosenthal, 289 N.Y. 482, 46 N.E.2d 895; State v. Ewing, 174 Or. 487, 149 P.2d 765. Furthermore, in considering this question, it should be noted that to admit

proof of crimes other than the one with which the accused is charged would require him to defend any number of charges about which the indictment gives him no information. Such proof, especially as to crimes such as sodomy, would also be likely to have a decidedly prejudicial effect upon the jury. In this connection it may be noted that we have heretofore held that in cases involving statutory rape, it is reversible error to admit proof that defendant had committed the same crime with a person other than the prosecuting witness. State v. Bowman, supra.

A consideration of the foregoing has caused us to conclude that our safest and most prudent course, in accordance with principles of justice and fairness, is to follow the weight of authority, as indicated by the cases heretofore cited, and adhere to the ruling in the Atkinson case, supra, thus refusing to extend the number and scope of exceptions to the general exclusionary rule so as to include the proof admitted in this case.

■ Since this case must be retried we deem it advisable to also consider the contention of defendant that the court erred in permitting the prosecuting witness to testify to acts of sodomy committed upon him by the defendant at times other than October 6, 1953, the date alleged in the indictment. We see no merit in this contention. The admissibility of evidence of prior similar offenses committed by the defendant with the prosecuting witness, in cases involving the prosecution of sex offenses, is well established in this state. State v. Atkinson, supra; State v. Burkhart, Mo.Sup., 242 S.W.2d 12; State v. Cason, Mo.Sup., 252 S.W. 688. The case of State v. Chittim, Mo.Sup., 261 S.W.2d 79, cited by defendant as authority for this contention, may be distinguished from the instant case upon the factual situation involved and upon the questions ruled therein.

The other point briefed (separation of the jury) will not likely recur upon another trial and hence no purpose would be served by a consideration thereof herein.

The judgment is reversed and the cause remanded for a new trial.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.