**STATE of Missouri, Respondent,**

v.

**Robert J. WILSON, Appellant.**

No. 46354.

Supreme Court of Missouri, Division No. 1.

Feb. 9, 1959.

Charles M. Shaw, Clayton, for appellant.

John M. Dalton, Atty. Gen., Russell S. Noblet, Asst. Atty. Gen., Jefferson City, for respondent.

VAN OSDOL, Commissioner.

Defendant Robert J. Wilson was convicted of the crime of molesting a minor as defined by Section 563.160 RSMo 1949, V.A. M.S. The jury assessed defendant's punishment at five years in the state penitentiary and defendant has appealed from the ensuing judgment.

There was evidence that defendant took an indecent liberty with the prosecuting witness, a minor, the impropriety being also an act constituting the detestable and abominable crime against nature proscribed by Section 563.230 RSMo 1949, V.A.M.S. Although the subject matters of the two statutes differ as do the essential elements of the offenses involved, one committing the acts within Section 563.230 may commit acts at the same time within Section 563.160, supra. State v. Oswald, Mo.Sup., 306 S.W.2d 559.

In its case-in-chief, the State introduced evidence tending to show that at around ten in the evening of June 5, 1955, the prosecuting witness, Richard ——, a boy fifteen years old, and his friend, Donald ——, hitchhikers, had arrived in the vicinity of St. Louis. Defendant saw them and took them in his automobile to a restaurant and gave them something to eat. Upon leaving the restaurant, defendant invited the boys to his home in Clayton. There the boys watched television for a while, then bathed and went upstairs and to bed in a double bed. Presently defendant came to the bedroom and got in bed between the boys and committed acts of sodomy with both by taking their private parts into his mouth.

Richard testified, "It was Don first. I believe he (defendant) took Don's trunks

off. * * * As far as I could see * * * he had Don's penis in his mouth." Defendant's counsel objected, asked that the answer be stricken and the jury be instructed to disregard it, and moved for a mistrial on the ground that "this is evidence from another case. It doesn't involve this charge here." The objection and motion were overruled. The prosecuting witness then testified that defendant "came over to me then * * * he took off my shorts. * * * Then he (with his hand) put my penis in his mouth and sucked it."

Defendant testified in his own behalf. During direct examination defendant was asked, "Mr. Wilson, at any time, have you ever taken the penis of this Richard —— in your mouth?" Defendant answered, "I have never taken his or anyone else's." On cross-examination, defendant was asked, "In response to your counsel's questions, you said you had never taken these boys' penis or any other boy's into your mouth?" Defendant answered, "That's correct." In rebuttal the State produced Barry —— who testified, over defendant's objection, that defendant had invited him to defendant's home one evening in the summer of 1955. "I was hitching a ride to go home. * * * So he picked me up". Having arrived at defendant's home, defendant said "to come into the bedroom with him * * * to do this act * * * he backed me up against the stair and I couldn't get away, and he forced me down to the bed. * * * He took my part and put it in his mouth."

Defendant has not contended the evidence was not sufficient to support the conviction. But defendant contends errors of the trial court in admitting, over objection, the evidence of independent crimes committed by defendant at other times with persons other than the prosecuting witness. Specifically, defendant complains of the admission of the evidence in the State's case-in-chief of the indecent act with the boy Donald, and of the admission of the evidence proffered by the State in rebuttal of the like act upon the witness Barry. Although the defendant generally argues these two complaints as one, we shall treat them separately because we believe they call for the application of different principles.

In State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, this court said it is the well-established general rule that proof of the commission of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. However, this court in the Reese case expressly recognized that exceptions to this general rule of exclusion are as well established as the rule itself, although the exceptions cannot be stated with categorical precision. These exceptions, "generally speaking," are those spoken of in People v. Molineux, 168 N.Y. 264, at page 293, 61 N.E. 286, at page 294, 62 L.R.A. 193, as follows, "evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial." State v. Atkinson, Mo. Sup., 293 S.W.2d 941; State v. Atkinson, Mo.Sup., 285 S.W.2d 563; State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765; State v. Spinks, 344 Mo. 105, 125 S.W.2d 60; State v. Bowman, 272 Mo. 491, 494, 199 S.W. 161. The exceptions often are recognized in prosecutions for crimes involving sexual relations such as adultery, incest, sodomy, seduction, rape and lewdness. State v. Kornegger, supra. However, it is not of importance here to attempt a comprehensive discussion of these exceptions or the application of them or some or one or variants or combinations of them as applied to the evidence in other cases. We shall examine the evidence of which defendant complains in the connection in which it was admitted over objections in our case.

Attending now the evidence introduced by the State in its case-in-chief tending to show defendant's conduct with the boy Donald ———.

Although the charge by information was of the crime of molesting a minor, the charge, as we have stated, included the averment of the specific indecent conduct or criminal impropriety with the boy Richard. There may be some substance to the view that, under the charge of molesting a minor (the prosecuting witness Richard) the evidence tending to show the indecent act with the boy Donald in the presence of the prosecuting witness Richard would sustain ·the charge of molesting the minor Richard, even though the same indecent act as specifically averred in the information was not committed with him. But in the review of this case we shall treat with the contentions as presented.

■ Examining the evidence, it at once seems clear to us that the same evidence which tends to show the commission of the impropriety with the prosecuting witness Richard also tends to show that at or about the same time and place an indecent act was committed with Donald. The act which the evidence tends to show was committed with Donald was so inseparably connected and interrelated with the act with Richard that the evidence of the one necessarily tended to show the other. The two improprieties were not independent but were concomitant, having been perpetrated in the same transaction. The improper conduct of defendant with Donald was but a part of a continuous occurrence intimately connected with the act specifically· averred in charging the defendant with the crime for which he was being tried. In close relation and sequence here is this court's view, expressed in application to somewhat analogous factual situations, that the act with the boy Donald formed a part of the res gestae; and it has been said, "When a defendant in the course of the perpetration of one crime commits another, the state is not required to nicely sift and separate the evidence and exclude the testimony,

tending to prove the crime for which he is not on trial, when it forms a part of the res gestae of the crime charged." State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877, 880; State v. Gentry, Mo.Sup., 212 S.W.2d 63; State v. Quilling, 363 Mo. 1016, 256 S.W.2d 751; State v. Martin, Mo.Sup., 275 S.W.2d 336; State v. Childers, Mo.Sup., 313 S.W.2d 728. See also State v. Bell, 359 Mo. 785, 223 S.W.2d 469; State v. Ward, 337 Mo. 425, 85 S.W.2d 1; State v. Higgs, 325 Mo. 704, 29 S.W.2d 74; and Vol. I, Wigmore on Evidence, 3d Ed., § 218, pp. 719–722; and Vol. 1, Underhill's Criminal Evidence, 5th Ed., §§ 206 and 207, pp. 464 et seq.

We hold that the trial court did not err in ·admitting the evidence of defendant's impropriety with the boy Donald.

■ With respect to the evidence of defendant's indecent act with the witness Barry, we have noted this evidence was introduced by the State in rebuttal, and theretofore defendant, testifying in his own behalf, in effect had said (in language we have quoted supra) that he had never committed the act as specifically charged with the boy Richard or *with anybody else.* Thus did defendant, it seems to us, in his own defense, initiate and inject an issue by a showing of the negative (without any limitation as to person, time or place) of independent acts of the nature specifically charged in the information in this case. He without doubt was intending to convey to the jury that he was not the kind of a person who possibly could bring or permit himself to commit such detestable crimes, and he, in so intending, testified in negation of his commission of all such specific acts. In a case of this nature we think it may be said that evidence of acts indicatory of the disposition of one to commit such a crime is not wholly immaterial in tending to support the issue of a defendant's guilt; however, generally, even though material, our jurisprudence excludes proof of the commission of independent crimes as a matter of principle on the theory that in the just enforcement of the law less harm will

be done by rejecting such evidence than would be suffered by accused citizens if convictions were to turn upon it. State v. King, 342 Mo. 975, 119 S.W.2d 277. But, recognizing the foregoing principle, we, nevertheless, believe that, although the evidence of the independent indecent act committed with the witness Barry could not have been "first opened up" in this case by the State, or initially introduced by the State in its case-in-chief (Atkinson cases, supra), yet we think the State in this case was properly allowed to introduce such evidence in rebuttal when the defense initially has made a showing on that question. "Certainly the accused ought not to be permitted to tender the issue and gain the benefit of so doing, and then contend there is no such issue, or that the question is immaterial, when the prosecution offers to meet it." State v. King, supra, 342 Mo. 975, at page 988, 119 S.W.2d 277, at page 284. See also Cook v. State, 155 Ark. 106, 244 S.W. 735. In the King case the charge was rape, and the State in rebuttal was held to have been correctly permitted to introduce evidence of another independent crime with a girl student in meeting the testimony of defendant, who initiated the issue in testifying in his own behalf, that he had never got "smart" with any of these girl students.

Defendant in support of the instant contention of error in permitting the testimony relating to the act with the witness Barry has cited State v. Buxton, 324 Mo. 78, 22 S.W.2d 635. In that case the defendant was charged with robbery. On direct examination in answer to a question by his own counsel, defendant stated that he had not committed any robberies at all on the night of the robbery charged. The State in rebuttal was permitted by the trial court to introduce evidence tending to prove that defendant had committed several robberies that night. This court held the admission of such evidence constituted reversible error—it was thought that whether or not the defendant Buxton had robbed any person, other than the person averred, that night

or at any other time was entirely immaterial to the issue raised by the charge contained in the information. However, this court, in the King case, had examined the Buxton case and said that, owing to the difference in its facts, "we shall not go so far as to say" the Buxton case should be overruled; but it was held that the Buxton case was not authority on the question presented by the record in the King case. Likewise, we think the Buxton case is not authority on the instant contention here.

The judgment should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.