**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Leonard Roy McELROY, Defendant-Appellant.**

**No. 9627.**

Missouri Court of Appeals, Springfield District.

Jan. 13, 1975.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Robert M. Sommers, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Robert E. Yocom, Pineville, Robert W. Evenson, Pineville, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

By information filed March 5, 1973, in the Circuit Court of Polk County, it was charged defendant was guilty of incest in that "on the 13th day of August, 1971, [defendant] did . . . commit fornication with . . . [h]is daughter" M, "age 14 (now 16) years." § 563.220 RSMo 1969, V.A.M.S. The jury failed to agree upon punishment after finding "the defendant guilty as charged in the Information," so the court assessed and declared the punishment to be five years' imprisonment and rendered judgment accordingly. Rule 27.-03, V.A.M.R. Defendant appealed.

In substance, M testified that defendant first had intercourse with her the week of August 13, 1971. She said defendant repeated the act twice thereafter in the next two weeks but that nothing of this nature occurred after the "later [sic] part of August [1971]." Over defendant's repeated and continuing objections, the trial court permitted another daughter, P, to testify during the state's case-in-chief that between the time she was 12 and 14 years of age (she was 15 when the trial was held August 22, 1973) defendant had "a whole bunch of times . . . put his hands in my pants . . . played with my bus'th [bust]" and threatened "he was going to screw me before I was fifteen."

The sole point relied on by defendant in this appeal is that the trial court erred in admitting testimony tending to show that he was guilty of crimes separate and distinct from the one charged by having attempted or threatened incest on or by performing acts of lascivious familiarity with a person other than the prosecutrix.

■ Even though they are of the same nature as the one charged in the information, [State v. Hudson, 478 S.W.2d 281, 282 (Mo.1972) ], proof of the commission of separate and distinct crimes generally is not admissible unless proof thereof has a legitimate tendency to establish the defendant's guilt of the particular charge for which he is on trial. If improperly re-

lated to the cause on trial, testimony of other crimes for which defendant may be guilty violates his right to be fairly tried on the offense for which he is charged. State v. Shilkett, 356 Mo. 1081, 1086, 204 S.W.2d 920, 922–923 [1] (1947). This rule, as most, has exceptions which permit evidence of other offenses to prove the specific crime charged when such tends to establish (a) motive, (b) intent, (c) absence of accident or mistake, (d) a common plan or scheme embracing the commission of two or more crimes so related one to another that proof of one tends to establish the other, or (e) the identity of the person charged with the commission of the crime on trial. State v. Mitchell, 491 S.W.2d 292, 295 [1] (Mo. banc 1973); State v. Holbert, 416 S.W.2d 129, 132 [4] (Mo.1967). The acid test of whether evidence of other distinct crimes falls within any of the exceptions, supra, " 'is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected.' " State v. Reese, 364 Mo. 1221, 1227, 274 S.W.2d 304, 307 (banc 1955); State v. Boyer, 476 S.W.2d 613, 616 [1] (Mo.1972). Trials of charges for which there is a human abhorrence should be conducted with scrupulous fairness to avoid adding other prejudices to that which the charge itself produces. State v. Kornegger, 363 Mo. 968, 977, 255 S.W.2d 765, 769–770 (1953); State v. Richardson, 349 Mo. 1103, 1114, 163 S.W.2d 956, 962 (1942).

■ This is not a case where evidence relating to defendant's conduct with a person other than the prosecuting witness was of a continuous nature so as to be inseparable, in fact, from the crime charged [State v. Parton, 487 S.W.2d 523, 527 [9] (Mo.1972)], nor where the offense against the other person was perpetrated concomitant with that against the prosecutrix [State v. Griffin, 497 S.W.2d 133, 135 [1] (Mo.1973)], nor a case where evidence of prior criminal acts *between the same parties* tends to make it probable they committed the specific act charged because such proof constitutes the foundation of an antecedent probability. State v. Lebo, 339 Mo. 960, 965, 98 S.W.2d 695, 698–699 (1936), citing "State v. Pruitt [incest], 202 Mo. [49] loc.cit. 53, 100 S.W. [431], loc.cit. 432, 10 Ann.Cas. 654." [1] Furthermore, the state in this case did not rely upon circumstantial evidence and the defendant's identity was never an issue in the cause. If the state's evidence in the instant case was believable, the facts relied upon as the basis for the specific charge filed left no room for supposing the existence of an accident or mistake. Defendant was bound to know the nature and character of his act, which act itself carried with it motive and intent [State v. Spinks, 344 Mo. 105, 114, 125 S.W.2d 60, 64–65 [6–9] (1939)], and evidence of similar acts threatened, committed or attempted with a person other than prosecutrix would not logically tend to show motive, intent, malice or a general plan or scheme to commit the crime for which defendant was on trial. State v. Hayes, 356 Mo. 1033, 1037, 204 S.

1. The admissibility, vel non, of evidence relating to defendant's sexual intercourse with prosecutrix *after* the charged crime is not for our consideration because defendant did not object to that testimony at trial and does not complain of it on appeal.

W.2d 723, 725 (1947). Ergo, testimony of what defendant may have attempted or committed with a daughter other than prosecutrix, would not lend itself to the necessity of invoking any exception to the general rule, supra. State v. Cutler, 499 S.W.2d 387, 388 [2] (Mo.1973).

For examples of cases involving similar sex crimes see State v. Bowman, 272 Mo. 491, 500–501 [4, 5], 199 S.W. 161, 164 [4, 5] (1917), where testimony that defendant, charged with statutory rape, had been criminally intimate with another underage female was held prejudicially erroneous; State v. Smith, 250 Mo. 274, 277, 157 S.W. 307 [2] (1913), holding it reversible error for the court to permit evidence of assault upon another girl where defendant was charged with assault to commit rape upon a minor; State v. Horton, 247 Mo. 657, 666, 153 S.W. 1051, 1054 [5] (1913), where, in prosecuting a male school teacher for rape of a minor pupil, it was held error to permit the state to show that defendant had committed an independent assault upon a different pupil; and State v. Teeter, 239 Mo. 475, 485–486, 144 S.W. 445, 447–448 [5, 6] (1912), where testimony by a woman other than prosecutrix that defendant had seduced her under promise of marriage was deemed to be highly prejudicial in a case wherein defendant was charged with seducing prosecutrix under a like promise.

The rule excluding evidence of similar sex offenses between defendant and a person other than the prosecuting witness extends to proof of threat, intention or willingness on the part of the accused to commit such other crime, and in State v. Atkinson, 285 S.W.2d 563, 567 [5] (Mo. 1955), it was reversible error for the trial court to permit the state to adduce on direct examination of a person other than the prosecuting witness that defendant had told the witness he would commit upon him the same sodomitic acts he had committed on the prosecuting witness.

In this case, the state does not seek to justify the admission of the testimony of the daughter other than prosecutrix under any of the exceptions to the general rule which excludes proof of the commission by the accused of another independent and unconnected crime. The state's contention that the trial court did not err in admitting the testimony of daughter P orbits the point that "in a prosecution for *incest* with one daughter, testimony of another daughter as to accused's sexual relations with her . . . is admissible as corroborative proof of the offense charged." In pursuit of this point the state argues that "in incest cases, additional evidence is *required* as corroboration where the evidence of the prosecutrix is of a contradictory nature or is not convincing," and that "in a prosecution for incest with one daughter, testimony of another daughter as to accused's sexual relations with her is admissible as *corroborative proof of the offense charged.*"

█ Defendant does not contend the testimony of prosecutrix was in need of corroboration. Crimes are different if the evidence required to establish one differs from that necessary to establish the other. 21 Am.Jur.2d, Criminal Law, § 8, pp. 88–89. Therefore, if proof of one offense has no legitimate and logical tendency to establish the defendant's guilt of the charge for which he is on trial, it is untenable to suppose that proof of a separate and unrelated crime could serve as a corroborant to contradictory and unconvincing testimony relating to another. Uncorroborated testimony of a prosecutrix will sustain a conviction of incest or rape, and it is only where her testimony is so unconvincing and contradictory as to cloud the mind of the court with doubts that her evidence must be corroborated. State v. Akers, 328 S. W.2d 31, 33 [2] (Mo.1959). But if proof of a separate and distinct offense committed against a person other than the prosecutrix is not required or does not operate to establish any of the exceptions to the general rule, there appears no reason to permit such evidence under the guise of corroboration. The state's reliance on

State v. Simerly, 463 S.W.2d 846, 848 [2] (Mo.1971), and State v. Nash, 272 S.W.2d 179, 184 (Mo. 1954), is, in our opinion, mistaken. Although in *Simerly* the court quoted defendant as conceding that testimony of prior incestuous acts with other persons "may be admissible under some circumstances" and the court said in *Nash* that the testimony of the sister of the prosecutrix was corroborating by showing "a proclivity on the part of defendant to satisfy his lust upon the body of a daughter," in neither case was the propriety of the admission of such evidence a question for decision as it is here.

An argument akin to the statement made in *Nash* was advanced by the state in State v. Atkinson, 293 S.W.2d 941 (Mo.1956), to overcome defendant's objection in a sodomy case to testimony of similar offenses between the defendant and parties other than the prosecuting witness. The state in Atkinson asserted that acts of homosexuality are so strange, unusual and " ' . . . so far outside the ordinary pattern of male conduct, that a man who is proven to have committed the act with one or more persons would certainly be deemed to be much more likely to have committed the act with yet another person, and so proof of the act with persons other than the prosecuting witness would certainly tend to prove that the act was committed between the defendant and the prosecuting witness.' " Responding to this, the court said [943–944]: "[4] Upon first consideration there would appear to be some merit in this argument. However, it would seem that the same reasoning applies when the exclusionary rule is considered in connection with other types of crimes. Moreover, the weight of authority does not support this contention. 'Where sodomy is the crime charged, evidence * * * that accused committed the same offense, or had improper relations, with a person other than the one named in the indictment, is as a rule held to be inadmissible * * *.' . . . Furthermore, in considering this question, it should be noted that to admit proof of crimes other than the one

with which the accused is charged would require him to defend any number of charges about which the indictment gives him no information. Such proof, especially as to crimes such as sodomy, would also be likely to have a decidedly prejudicial effect upon the jury. In this connection it may be noted that we have heretofore held that in cases involving statutory rape, it is reversible error to admit proof that defendant had committed the same crime with a person other than the prosecuting witness. . . . A consideration of the foregoing has caused us to conclude that our safest and most prudent course, in accordance with principles of justice and fairness, is to follow the weight of authority, as indicated by the cases heretofore cited, and adhere to the ruling in the Atkinson case, supra, thus refusing to extend the number and scope of exceptions to the general exclusionary rule so as to include the proof admitted in this case."

■ Albeit there exists contrariety of opinion on the admissibility in prosecutions for incest of testimony showing defendant guilty of that crime with a person other than prosecutrix (77 ALR2d, Anno: Evidence—Similar Sexual Offense, § 30, pp. 881–883), and although some courts profess the dubious ability to distinguish among rape, sodomy, incest and other sex crimes in permitting or excluding proof of defendant's guilt of that or similar offenses with persons other than the prosecuting witness, the distinguishable niceties, if so, of such sexual deviations needed to gauge evidentiary permissibility vel non are more artificially conceived than real. Based upon the exact same incident and facts, a father in Missouri may be charged and convicted either of statutory rape of his daughter under § 559.260 RSMo 1969, V.A.M.S., or of incest under § 563.220 RSMo 1969, V.A.M.S. Mackey v. Kaiser, 187 S.W.2d 198, 199 [1] (Mo. banc 1945); State v. Frankum, 425 S.W.2d 183, 188 (Mo. 1968). Consequently, as the above cited authorities hold, if in cases involving statu-

tory rape it is reversible error to admit proof that defendant committed the same crime at a different time with a person other than the prosecutrix, it would be wholly illogical and incongruous to allow similar evidence in a cause involving the same charged act simply because some vagary of the prosecuting attorney prompted the filing of a charge of incest rather than one of rape.

It was highly prejudicial to defendant, thus reversible error, for the trial court, over the specific objections of defendant, to permit testimony that defendant was guilty of separate and distinct lascivious acts with a daughter other than the prosecutrix. For this reason the judgment nisi is reversed and the cause remanded.

All concur.